B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br>14·507 |
|---|---|

| PLAINTIFFS<br><br>KIM MICHELLE STERRETT | DEFENDANTS<br><br>ROBERT E. DAY, JR.<br>PO/0914<br>$ 0.00 |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor     ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine non-dischargeability of debt.
11 USC §§ 525(a)(5) and (15)
11 U.S. Code § 101 (14A)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
     actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☑ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☑ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
     if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ROBERT E. DAY, JR. | BANKRUPTCY CASE NO.<br>13-30487 | |
| DISTRICT IN WHICH CASE IS PENDING<br>MARYLAND | DIVISION OFFICE<br>BALTIMORE | NAME OF JUDGE<br>NANCY ALQUIST |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*KmSterr* | | |
| DATE<br>21 Aug 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>KIM MICHELLE STERRETT | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

FILED

2014 AUG 21  AM 9: 15

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

KIM MICHELLE STERRETT, pro se
5343 High Wheels Court, Columbia, MD 21044

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
## (BALTIMORE DIVISION)

| | | |
|---|---|---|
| IN RE: ROBERT E. DAY, JR., | ) | Case No.: No. 13-30487 |
| | ) | |
| 6012 Cloudland Court, Columbia MD 21044 | ) | |
| Social Security x8730 | ) | Chapter 7 |
| | ) | |
| **Debtor** | ) | |
| | ) | |

| | | |
|---|---|---|
| **KIM MICHELLE STERRETT** | ) | |
| | ) | |
| **Plaintiff** | ) | Adv. Proc. No. *14-00507* |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ROBERT EUGENE DAY, JR.** | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT
## TO DETERMINE NON-DISCHARGEABILITY OF DEBT

### I.  INTRODUCTION

My name is Kim Michelle Sterrett ("**Plaintiff**"). I am bringing this adversarial

proceeding, pro se and without legal representation, as a judgment creditor in the chapter 7

bankruptcy filed by my ex-husband, Robert E. Day, Jr. ("**Defendant**") on December 5, 2013,

shortly after the court in our divorce proceedings (our "**Divorce Court**") issued our final divorce and its Memorandum of Supplemental Opinion on November 18, 2013 (the "**Divorce Opinion**," attached as **Exhibit A**).

I am asking this bankruptcy court (this "**Court**") to:

(1)     Declare all of the debts arising out of the judgments entered against Defendant by our Divorce Court to be nondischargeable because they are exempt from discharge under Title 11 of the United States Code (the "**Bankruptcy Code**") §§523 (a) (5) or (15);

(2)     Enter an order requiring Defendant pay the reasonable costs I incurred in connection with his bankruptcy and this adversarial proceeding, with interest at the lawful rate until paid in full; and

(3)     Provide such other relief this court finds just and equitable. In this regard, I consent to the entry of final orders or judgment(s) by this Court.

Because I am representing myself in this bankruptcy matter, I have researched and used forms and information I found on the internet in preparing this adversarial proceeding complaint. So, if I use wrong terms or don't do things quite right, I am asking the Court to please not dismiss my complaint or my claims, but allow me to correct any mistakes, if that is allowed. Thank you.

## II.  JURISDICTION; VENUE; CORE PROCEEDING; TIMELINESS

This is a civil adversary proceeding arising under, in connection with or is related to a pending case under the Bankruptcy Code within the meaning of 28 U.S.C. 1334.

1.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and §1334 because this action is related to the underlying bankruptcy case of Defendant which is pending before this Court. This Court also has jurisdiction over this adversary proceeding pursuant to §105(a) of the Bankruptcy Code and rules.

2.   This is a core proceeding under 18 U.S.C. and under 28 U.S.C. 1409(a). Venue in the Court is appropriate because Defendant's bankruptcy case is pending before this Court.

3.   Defendant's chapter 7 case was filed on December 5, 2013. On March 7, 2014, I filed a Motion to Extend Time to Object to Discharge, Determine Non-dischargeability of Debt, and Commence Adversary Proceeding.

4.   The Court granted my motion and extended the deadline to June 12, 2014.

5.   On June 2, 2014 the Court granted the Case Trustee's and the United States Trustee's Joint Motion to Extend Time to Object to Discharge and to File Motion to Dismiss for Abuse and extended the deadline for all parties to August 31, 2014. I confirmed that the extended deadline applied to all parties, including me, by a phone call to Ms. Oliver on July 24, 2014.

6.   Since the deadline to file an adversarial proceeding complaint for determination of dischargeability is August 31, 2014, and since Defendant has not yet been granted a discharge, this complaint is timely filed.

### III. FACTS: DIVORCE PRIOR TO BANKRUPTCY

7. On August 27, 2013, our Divorce Court issued a decree of absolute divorce, dissolving our marriage. A copy of the decree is attached as **Exhibit B.**

**8.** Pursuant to the Divorce Opinion, our Divorce Court issued several judgment orders against Defendant that require that he pay me (1) monthly child support payments, including arrearages and interest, currently in the amount of $ 2,963.00 (the "**Child Support Judgment**"); (2) monthly rehabilitative spousal support payments, including arrearages and interest, currently in the amount of $3,500.00 (the "**Spousal Support Judgment**"); (3) Spousal Support arrearages of $126,000 incurred from November 2010 to December 2013 including interest, currently in the amount of $130,086.84 (the "**Spousal Support Arrears Judgment**"); (4) Attorneys' fees of $100,000 incurred in connection with determining child support, spousal support, and securing our divorce, currently in the amount of $100,465.75 (the "**Attorneys' Fees Judgment**"); (5) 100% of the net proceeds of the future sale of our marital home, about which proceeds the Divorce Court said, in part, "*By receiving the full proceeds of the sale of the marital home the Plaintiff* [me] *will be able to continue to pay for A*███*'s* [our minor son] *private school tuition*" [at about $27,000 per year for tuition and fees at St. Paul's School for Boys in Baltimore, which will total at least $108,000.00 by the time he graduates) (the "**House Judgment**").

**9.** In addition to the Child Support Judgment, the Spousal Support Judgment, the Spousal Support Arrears Judgment, the Attorneys' Fees Judgment, and the House Judgment (which I will refer to from now on all together as the "**Divorce Opinion Judgments**"), during the course of our divorce the Divorce Court also issued an order dated November 5, 2012, requiring that Defendant pay me $7,073.50, half of the then past-due amount of our minor son's private school tuition (the "**Tuition Judgment,**" attached as **Exhibit C**). The Defendant currently owes me $7,833.17 under the Tuition Judgment.

**10.** In addition to the Divorce Opinion Judgments and the Tuition Judgment, our Divorce Court also issued an order dated July 6, 2012, requiring that Defendant pay me $20,000 for interim attorneys' fees, with interest (the "**Interim Fees Judgment,**" attached as **Exhibit D**). Defendant currently owes me $22,827.40 under the Interim Fees Judgment. Defendant spent $25,000.00 to unsuccessfully appeal the $20,000.00 Interim Fees Order to the Court of Special Appeals (the "**First COSA Appeal**").

**11.** From here on, I will refer to the Divorce Opinion Judgments, the Tuition Judgment and the Interim Fees Judgment collectively as the "**Judgments**". To this day, Defendant has willfully failed to comply with the Judgments.

## IV.  FACTS: BANKRUPTCY FOLLOWING DIVORCE

**12.** On December 5, 2013, just seventeen days after the Divorce Court issued the Divorce Opinion, Defendant filed a voluntary petition (the "**Petition**") for relief under Chapter 7 of the Bankruptcy Code.

**13.** The petition started Bankruptcy Case No.13-30487.

**14.** Simpson was appointed as the Chapter 7 Trustee (the "**Case Trustee**").

**15.** The Section 341 Meeting of Creditors was held on January 13, 2013 (the "**Creditors' Meeting**").

**16.** Defendant's Petition, Bankruptcy Schedules, Statement of Financial Affairs, and related filings (collectively, "**Defendant's Filings**") are part of the Court record and, pursuant to Defendant's Declaration Under Penalty of Perjury for Electronic Filing, all of those documents

were signed by the Defendant under penalty of perjury and were stated to be true and correct

under 18 U.S.C. §§ 152 and 3571.

18. At the beginning of the Creditors' Meeting, Defendant was duly sworn, and he

proceeded to testify after taking an oath to tell the truth.

18. At the Creditors' Meeting, Defendant testified that he read the Defendant's Filings

before he signed them; that he understood when he signed Defendant's Filings that he was

swearing that the information set forth therein was accurate and complete; and that he could not

think of anything he needed to change in Defendant's Filings.


## V. REQUEST FOR DETERMINATION THAT JUDGEMENTS ARE NONDISCHARGEABLE DOMESTIC SUPPORT OBLIGATIONS UNDER 11 U.S. CODE § 523 (a)(5)

19. Pursuant to 11 U.S Code § 523 (a)(5), a discharge under section 727 does not

discharge an individual debtor from any debt for a domestic support obligation.

20. Pursuant to 11 U.S Code § 101 (14A), the term "domestic support obligation"

means:

> "a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> **(A)** owed to or recoverable by (i) a spouse, former spouse, or child of the debtor or such child's parent, legal (ii) guardian, or responsible relative; or (iii) a governmental unit;
>
> **(B)** in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

Complaint to Determine Non-Dischargeability of Debt and Objecting to Discharge
In Re: Robert E. Day, Jr., Case No. 13-30487

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

**(D)** not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt."

21.    Pursuant to 11 U.S. Code § 523 (a) (5), the **Child Support Judgment** is nondischargeable because it is a domestic support obligation as defined in 11 U.S. Code § 101 (14A) because it (A) is owed to a former spouse, (B) is in the nature of support a child, (C) was established before the date of the order for relief a case under this title by divorce decree, and (D) has not been assigned to a nongovernmental entity.

22.    Pursuant to 11 U.S. Code § 523 (a) (5), the **Tuition Judgment** is nondischargeable because it is a domestic support obligation as defined in 11 U.S. Code § 101 (14A) because it (A) is owed to a former spouse, (B) is in the nature of support a child because it is for school tuition for our minor son, (C) was established before the date of the order for relief a case under this title by divorce decree, and (D) has not been assigned to a nongovernmental entity.

23.    Pursuant to 11 U.S. Code § 523 (a) (5), the **Spousal Support Judgment** is nondischargeable because it is a domestic support obligation as defined in 11 U.S. Code § 101 (14A) because it (A) is owed to a former spouse, (B) is in the nature of alimony, (C) was established before the date of the order for relief a case under this title by divorce decree, and (D) has not been assigned to a nongovernmental entity.

24.    Pursuant to 11 U.S. Code § 523 (a) (5), the **Spousal Support Arrears Judgment** is nondischargeable because it is a domestic support obligation as defined in 11 U.S. Code § 101

(14A) because it (A) is owed to a former spouse, (B) is in the nature of alimony, (C) was

established before the date of the order for relief a case under this title by divorce decree, and (D)

has not been assigned to a nongovernmental entity.

     **25.**    According to cases I read online, the Fourth Circuit as well as the majority of

bankruptcy courts hold that attorney fees arising from a divorce are in the nature of alimony,

maintenance, and support. See In re Adams, 254 B.R. 857, 861 (D. Md. 2000)(citing In re

Silansky, 897 F.2d 743 (CA4 1990); In re Daumit, 25 B.R. 371, 373 (BC Md. 1982); In re

Spong, 661 F.2d 6 (CA2 1981); In re Sposa, 31 B.R. 307, 310 (BC E.D. Va. 1983); In re Lang,

11 B.R. 428, 430-31 (BC W.D. N.Y. 1981); In re French, 9 B.R. 464, 468 (BC S.D. Cal. 1981)).

So, pursuant to 11 U.S. Code § 523 (a) (5), the **Attorneys' Fees Judgment** and the **Interim Fees**

**Judgment** against Defendant are in the nature of alimony, maintenance and support and are

nondischargeable because they are domestic support obligations as defined in 11 U.S. Code §

101 (14A) because they (A) are owed to a former spouse, (B) are in the nature of support,

alimony and maintenance, (C) were established before the date of the order for relief a case

under this title by divorce decree, and (D) have not been assigned to a nongovernmental.

     **26.**    Pursuant to 11 U.S. Code § 523 (a) (5), the **House Judgment** is nondischargeable

because, to the extent the proceeds of the sale of our home are to be used for our minor son's

private school tuition like our Divorce Court said, it is a domestic support obligation for child

support as defined in 11 U.S. Code § 101 (14A) because it (A) is owed to a former spouse, (B) is

in the nature of child support because that amount is for private school tuition for our minor son,

(C) was established before the date of the order for relief a case under this title by divorce

decree, and (D) has not been assigned to a nongovernmental entity. To the extent the proceeds of

the sale or our home exceed the cost of our minor son's private school tuition, the House

Judgment is still nondischargeable under 11 U.S. Code § 523 (a) (15) because it is to a former

spouse, is not of the kind described in § 523 (a) (5), and it was incurred by the Defendant in the

course of a divorce and in connection with a divorce decree and order of a court.

### VI. REQUEST TO DETERMINE JUDGEMENTS NONDISCHARGEABLE UNDER 11 U.S. CODE § 523 (a)(15)

27.    To the extent any of the Judgments (or any portion of any of the Judgments) are

not determined by this Court to be nondischargeable domestic support obligation under §523

(a)(5), then those Judgments are still nondischargeable under § 523 (a)(15) because the debts

from those Judgments are to a former spouse, are not of the kind described in paragraph (5), they

were incurred by the Defendant in the course of a divorce, and they were established by a

divorce decree and order of a court.

28.    Accordingly, all Judgments owed by the Defendant to me are not dischargeable

pursuant to Section 523(a) (5) and/or 523(a)(15) of the Bankruptcy code.

WHEREFORE, the Plaintiff, Kim Michelle Sterrett respectfully requests that his

Honorable Court:

(a)    Declare all of the debts arising out of the judgments entered against Defendant by

our Divorce Court to be nondischargeable because they are exempt from discharge under Title

11 of the United States Code §§523 (a) (5) or (15);

(b)    Enter an order requiring Defendant pay the reasonable costs I incurred in

connection with his bankruptcy and this adversarial proceeding, with interest at the lawful rate

until paid in full; and

(c)    Provide such other relief this court finds just and equitable.

Respectfully submitted,

Kim Michelle Sterrett
Plaintiff
5343 High Wheels Ct
Columbia, MD 21044
(202) 618-2793

# Exhibit A: Case 13-C-10-84542 Memorandum of Supplemental Opinion on November 18, 2013

## "Divorce Opinion"

| KIM MICHELLE STERRETT | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| ROBERT DAY | * | HOWARD COUNTY |
| Defendant | * | Case No. 13-C-10-84542 |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## SUPPLEMENTAL MEMORANDUM OPINION

This memorandum is supplemental to this Court's ruling from the bench on August 1, 2013. Trial took place over the course of eleven days between January 30, 2012 and March 5, 2013. It sets out grounds and reasoning for the final decision on the outstanding issues not finally addressed then, which are promulgated in its accompanying Order. The outstanding issues to be addressed are: determination of income, child support, alimony, alimony arrears, division of marital property and equitable distribution, use and possession of the marital home, and counsel fees.

I.    BACKGROUND

The parties were married in December 1990, and are the parents of three children, namely, R█████Day, who is 21 years old and attends St. Johns University in New York, R█████Day, born █████, 1996, and A█████Day, born █████, 1998. During the course of the marriage, the parties lived at 6012 Cloudland Court, Columbia, Maryland 21044. The parties separated on August 25, 2010 when the plaintiff moved out of the marital home.

During the course of the marriage the Defendant was the primary breadwinner and wage earner, and the Plaintiff primarily cared for the children, even though she

worked part-time after R█████was born. The parties have been having marital problems
for years before their separation. The problems began in 2004 and continued until May
2010 when the Plaintiff decided to end the marriage.

This matter is a highly contentious divorce. The Court heard testimony from
numerous witnesses as well as the parties. It became clear to this Court that the
Defendant initially did not want the divorce however he subsequently accepted the fact
that the Plaintiff wanted to end their marriage. The Defendant's primary concern is to
maintain his financial status and superiority and penalize the Plaintiff. The Plaintiff
testified that the Defendant stated to her that he was going to financially devastate her,
and the Court finds this to be the true. The Defendant's actions during the pendency of
the 11 days of trial over 1½ years are demonstrative of the efforts he is willing to
undertake to accomplish his goal. For example, the seven (7) emergency motions, a
motion to quash, a number of motions to reconsider, a request for a mental health
evaluation of the Plaintiff, and an appeal of an interim counsel fee award to the Court of
Special Appeals. The Court issued an Interim Counsel Fee award in favor of the Plaintiff
in the amount of $20,000.00 and the Defendant spent over $24,000.00 in counsel fees
challenging that order, and subsequently lost on appeal. The Plaintiff's income is
approximately $75,000.00 a year and her counsel fees are in excess of $200,000.00, and
there are not that many marital assets. Not only did the Defendant devastate the Plaintiff
financially, his actions towards R████ and the lack of compliance with court orders for
counseling, have contributed to the child's estrangement from the Plaintiff and has had an
adverse effect on the mother-daughter relationship, which may have serious long term
consequences.

As previously stated, the Defendant initially did not want a divorce, and his actions during the pendency of this matter have demonstrated his intent to do whatever he can do to devastate the Plaintiff.

II.  INCOME

The Court has reviewed the file, the exhibits, and the testimony presented during the trial, and has had occasion to observe and determine the credibility of witnesses during the 11 days of trial.  Based on the foregoing, the Court makes the following findings:  Plaintiff's Income – The Plaintiff is a software engineer and is employed by Johns Hopkins Applied Physics Lab. She has consistently worked part-time, between 20 and 30 hours a week, after R█████was born.  In 2012 she earned $75,000.00, which is the most she has ever earned.  The Defendant argues that full time income should be imputed to the Plaintiff since the children are older and there is no need for the Plaintiff to work part-time. The Plaintiff testified that she wants to be available for Ar████ after school and intends to continue to work on a part-time basis. A█████s a teenager and has no special needs that require the Plaintiff to be available after school.

The Plaintiff also testified that even if she wanted to work full-time, she currently is not allowed due to her current assignment and contract with her employer.  An election has to be made each year, and currently she cannot work more than 30 hours. She has to wait until next year in order to change the election.

Based on the Plaintiff's employment history and earnings, the Court finds that the Plaintiff's annual income is $75,000.00 a year.

Defendant's Income - The Defendant is in sales.  During the pendency of this litigation he was employed by Smith Micro, which is a software company, as a Vice

President. He had previously been employed by Bridgeport, which is also a software company, and did a lot of international travel. The Defendant also wrote a book on International Sales, and presents himself as an expert on international sales and marketing. Based on the exhibits that were admitted into evidence (Pl. #16 & 40 and Def. # 25), in 2009 the Defendant earned $329,556.00, and in 2010 earned $419,022.00, and in 2011 earned $340,422.00, and in 2012 earned $257,809.00. His base pay was approximately $190,000.00 and he also received commissions and bonuses which include awards of stock. The Defendant's boss at Smith Micro was/is the Defendant's best friend. The Plaintiff testified that the Defendant has followed his boss, Mr. Cameron, for three of the Defendant's past four jobs. The Defendant corroborated the Plaintiff's testimony.

The Defendant testified that on February 28, 2013 he was terminated from Smith Micro. When questioned about a severance package, the Defendant testified that he did not have one and that he had to negotiate one with his boss after his boss returned from vacation. The timing of the Defendant's loss of employment is troublesome. As a finder of fact the Court is allowed to use its own experiences, and is aware that it is commonplace in the business industry to award a severance package upon the termination of an employee, and not after the termination. One consideration when negotiating a severance is ability or inability to compete or seek employment with a competitor. In this matter the Defendant has been gainfully employed for many years, earning an average of $300,000.00 a year, with stock options, commissions and bonuses, and 2 days before was this case is concluded, the Defendant is terminated by his best friend, and without receiving a severance package. The discussion and/or negotiation of a severance package

after termination of employment is extremely unusual and is not commonplace. Additionally, the Defendant's demeanor when testifying, his lack of concern about losing his job and his statement that losing his job is a learning experience for his children, adds to the Court's concern. The Plaintiff argues that the Defendant's loss of employment was planned in order to avoid paying alimony and/or child support.

The Court finds that the Defendant's loss of employment was orchestrated by the Defendant in order avoid paying child support and/or alimony and the Court will impute income for the Defendant.

In determining Defendant's income, the Court considers § 12-201(b)(3), which defines "actual income." The Court also takes into account § 12-203(b)(2)(i), which provides the Court with guidance as to proper documentation of income. Subsection (b)(2)(i) provides that "the court may require that parent to provide copies of federal tax returns for the 3 most recent years." The Court has tax returns for at least three years, and notes that in 2010, the year the parties separated, the Defendant earned $419,000, which is the most the Defendant has ever earned. In 2011 the Defendant earned $340,422.00 and in 2012 he earned $257,809.00. The Court will average tax years 2011 and 2012, which is the most accurate assessment of the Defendant's actual income and earning capacity. The Court finds that the Defendant's actual income for purposes of calculating child support and alimony, if any, is **$299,115.00** a year.

III. <u>Alimony and Alimony arrears</u>

Pursuant to § 11-106 of the Family Law Article of the Maryland Code, this Court has the authority to award rehabilitative or indefinite alimony to the party or parties requesting such relief. In her Complaint, Plaintiff requests that the Court award her

alimony on an indefinite basis or, in the alternative, rehabilitative alimony; Defendant makes no request for alimony.

Section 11-106(c) of the Family Law Article of the Maryland Code delineates the factors that a Court must consider when determining whether and in what amount to award a party alimony, whether rehabilitative or indefinite. In the instant case, this Court is required to consider:

>    (1) the ability of the party seeking alimony to be wholly or partly self-supporting;
>
>    (2) the time necessary for the party seeking alimony to gain sufficient education or training to enable that party to find suitable employment;
>
>    (3) the standard of living that the parties established during their marriage;
>
>    (4) the duration of the marriage;
>
>    (5) the contributions, monetary and nonmonetary, of each party to the well-being of the family;
>
>    (6) the circumstances that contributed to the estrangement of the parties;
>
>    (7) the age of each party;
>
>    (8) the physical and mental condition of each party;
>
>    (9) the ability of the party from whom alimony is sought to meet that party's needs while meeting the needs of the party seeking alimony;
>
>    (10) any agreement between the parties;
>
>    (11) the financial needs and financial resources of each party, including:
>
>>        (i) all income and assets, including property that does not produce income;

(ii) any award made under §§ 8-205 and 8-208 of this article;

(iii) the nature and amount of the financial obligations of each party; and

(iv) the right of each party to receive retirement benefits . . . .

MD. CODE ANN., FAM. LAW, § 11-106(b). The Court briefly considers each of these factors.

    1.    Plaintiff's Ability to be Wholly or Partly Self-Supporting

Testimony at trial revealed that Plaintiff has a Bachelor's Degree in Chemistry and has been trained as a software engineer since 1987. She has taken some master's level courses as well as computer programming classes. She has been employed as a contractor with Johns Hopkins Applied Physics lab since 1992. In 2012 the Plaintiff earned $75,000.00 which is the most she has ever earned.

The Court also heard testimony from Plaintiff that the children had been attending private school and her income was used primarily for the private school tuition. Since the separation in 2010 the Plaintiff has been primarily paying the private school tuition as well as her daily living expenses. She is living in a residence that is owned by her brother. The Plaintiff also pays for counseling expenses as well as the expense for the health insurance for the children. She is partially self-supporting.

    2.    The Time Necessary for Plaintiff to Gain Sufficient Education or Training to Enable Her to Find Suitable Employment

Although Plaintiff has a college degree and has worked for a number of years outside the home on a part-time basis, her skills and continuing education are not up date. Since she was primarily a stay at home parent, the Plaintiff did not take continuing

education classes needed to compete with other software engineers that are in the industry and job market. Her growth has been limited and technology has changed throughout the years. The Plaintiff's training has been limited and she will need to take additional courses in order to be competitive in the job market. Her income potential will continue to be diminished if she doesn't take the additional courses.

3.      The Standard of Living that the Parties Established During their Marriage

The evidence presented at trial indicates that the parties lived a somewhat lavish lifestyle. The parties own two (2) homes, one home in Howard County and a condo in Ocean City. The Defendant travelled extensively, and the parties took a number of trips. Prior to the separation in 2010, all of their children attended private school, and the average tuition was over $20,000.00 a year per child. The Defendant testified that he has no debt, and maintained their lifestyle from the bonuses and stock he received and from other liquid assets.

4.      The Duration of the Marriage

The parties were married from December 30, 1990 until August 2013. The marriage lasted for just over 22 years and 8 months.

5.      The Contributions, Monetary and Nonmonetary, of Each Party to the Well-Being of the Family

Plaintiff testified that she was employed full-time during the first several years of the marriage until A█████ was born and then began working part-time. She worked part-time and primarily cared for the children. The Plaintiff's non-monetary contributions to the family allowed the Defendant to build his career path, travel and gain sufficient experience in the sales industry to be considered an expert in sales and marketing, and obtain employment that earned over $400,000.00 in one year, with an average income of

over $300,000.00 a year for many years. Throughout the marriage, Defendant appears to have earned substantial income.

6.    The Circumstances that Contributed to the Estrangement of the Parties

After hearing testimony at trial, this Court found that the parties' estrangement was due to Plaintiff's unhappiness in the marriage and the Defendant's unwillingness to provide emotional support, engage in counseling and unwillingness to co-parent.

7.    The Age of Each Party

Plaintiff is 49 years old and Defendant is approximately 47 years old.

8.    The Physical and Mental Condition of Each Party

The Plaintiff appears to be in good physical health. With respect to her mental condition, the Plaintiff has been diagnosed with depression, and has been engaged in counseling. She had also been evaluated by Dr. Berman, and was engaged in therapy with Mr. Stein for issues concerning parenting and issues related to the parties' separation.

9.    Defendant's Ability to Meet His Needs While Meeting the Needs of Plaintiff

Prior to February 2013 the Defendant earned substantial income. The Court has found that the Defendant's loss of employment was orchestrated and that his income is calculated as $299,115.00 a year. Per the Court's previous Order, Defendant has custody of one child and the Plaintiff has custody of another child. The Defendant has been paying the bills associated with the family home and child support to the Plaintiff. He is also required to pay a share of A█████'s private school but he has not been consistent with those payments. He has not paid alimony to the Plaintiff, and has more than sufficient income to support himself while also paying support for Plaintiff.

10.    Any Agreement Between the Parties

There are no agreements between the parties with respect to financial issues.

11.    The Financial Needs and Financial Resources of Each Party

Defendant earns substantial income, or has the ability to earn substantial income, and has a number of valuable assets. Plaintiff earns very little compared to the Defendant. The parties have about the same in retirement assets which is approximately $240,000.00 each. The Plaintiff however has had to liquidate non-marital assets to pay her counsel fees, whereas, the Defendant has liquidated joint marital assets to pay his counsel fees. The liquidation of joint marital assets to pay legal fees may not be considered dissipation under Maryland case law, however, the liquidation of the joint assets has reduced the parties' financial resources.

Having considered each of the statutory factors, in addition to the record, testimony, and exhibits, the Court finds that Plaintiff is entitled to alimony. The Court must still determine, however, whether to award Plaintiff alimony for an indefinite period or for purposes of rehabilitation.

The Court of Appeals has explained that

> [i]t is well settled in Maryland that the statutory scheme generally favors fixed-term or so-called rehabilitative alimony, rather than indefinite alimony. Underlying Maryland's statutory preference is the conviction that the purpose of alimony is not to provide a lifetime pension, but where practicable to ease the transition for the parties from the joint married state to their new status as single people living apart and independently. Nonetheless, rehabilitative alimony alone may not be appropriate in every case.

Solomon v. Solomon, 383 Md. 176, 194-95 (2004) (citations and internal quotation

marks omitted). Courts are statutorily limited in granting a party indefinite alimony; such

a determination may only be made if the court finds that

> (1) due to age, illness, infirmity, or disability, the party
> seeking alimony cannot reasonably be expected to make
> substantial progress toward becoming self-supporting; or

> (2) even after the party seeking alimony will have made as
> much progress toward becoming self-supporting as can
> reasonably be expected, the respective standards of living
> of the parties will be unconscionably disparate.

MD. CODE ANN., FAM. LAW, § 11-106(c) (emphasis added). In the instant case, the Court

finds that Plaintiff can reasonably "be expected to make substantial progress toward

becoming self-supporting." The record shows that Plaintiff is able to work and can find

gainful employment and support herself. However, the Court may still award indefinite

alimony if it finds that, even after such efforts, "the respective standards of living of the

parties will be unconscionably disparate." In this case, however, the Court declines to

make such a determination.

Though Defendant's income is substantial, were Plaintiff to find full-time

employment and additional training, she would be capable of earning sufficient income

so as to render the parties' respective standards of living not so disparate as to be

unconscionable. Moreover, the Court notes that the parties' marriage lasted 22 1/2 years;

as the Court of Appeals recently explained, the "length of the marriage is a key factor,

outweighing several of the others listed in F[amily] L[aw] Section 11-106(b), in

determining what is unconscionably disparate." Boemio v. Boemio, 414 Md. 118, 143

(2010).

Plaintiff is a middle-aged woman with a college degree and specialized training. At present, her employment does not afford her the benefit of working full-time. In the current economic climate and constant change in technology the Court finds that given the lengthy period of time during which Plaintiff was not working or continuing to upgrade her skills, rehabilitative alimony payments are necessary "to ease the transition for [Plaintiff] from the joint married state to [her] new status as [a] single [person] living apart and independently." Solomon, 383 Md. at 194-95. Therefore, in this case, as in most cases where a court determines that alimony is appropriate, Plaintiff is entitled to rehabilitative alimony.

After a review of the § 11-106(b) factors and reviewing Plaintiff's financial statement, the Court finds that Defendant shall pay to Plaintiff rehabilitative alimony in the amount of **$3,500.00** per month for a period of seven (7) years commencing November 1, 2010. Defendant's alimony payments shall be paid in accordance with an Earnings Withholding Order.

The Plaintiff requested alimony in the complaint that was filed in October 2010. There was un-contradicted testimony that the Defendant has not paid any amount of alimony to the Plaintiff since the Plaintiff moved out of the marital home. In fact, the Defendant testified that he has not paid alimony to the Plaintiff. The Defendant had earned over $400,000.00 in the year the parties separated and for the next two (2) years earned over $300,000.00 each year, while the Plaintiff earned between $60,000.00 and $75,000.00 a year. An award of retroactive alimony is appropriate in this case. Therefore, the Defendant's alimony arrearage as of November 1, 2013 is calculated as **$126,000.00**, which is 36 months at $3,500.00 a month.

Since the Defendant has demonstrated an unwillingness to pay alimony a judgment in the amount of the arrearage should be entered against the Defendant and in favor of the Plaintiff.

Therefore, in accordance with this Court's Order of even date, within ten (10) days of entry of this Order, Defendant shall pay to Plaintiff **$3,500.00** as and for rehabilitative alimony, effective November 1, 2010, and a judgment be entered against the Defendant and in favor of the Plaintiff in the sum of **$126,000.00** for alimony arrears as of November 30, 2013.

## IV.   CHILD SUPPORT

Determination of child support is governed by statute in Maryland. See MD. CODE ANN., FAM. LAW, §§ 12-201 et seq. In discerning the applicable income levels to enter into the statutory equation to determine the proper level of support, the Court must first make a finding as to the parties' respective incomes. Both parties submitted evidence of their respective incomes through exhibits and financial statements. As indicated supra, the Court has determined that Defendant's current income is $299,115.00 per annum, or $24,926.00 per month. As indicated supra, Plaintiff currently earns $6,250.00 per month.

Generally, the Court utilizes the statutory Child Support Guidelines, which are presumptively correct, in determining the appropriate amount of child support. See § 12-202(a)(1). However, in this case the parties' combined income exceeds the $15,000.00 per month gross income level contemplated by the Guidelines. As a result, the Court is statutorily permitted to "use its discretion in setting the amount of child support." § 12-204(d); see also Voishan v. Palma, 327 Md. 318 (1992); Bagley v. Gagley, 98 Md. App. 18 (1993); Shirivastava v. Mates, 93 Md. App. 320 (1992). As the Court of

Special Appeals instructed in <u>Walker v. Grow</u>, 170 Md. App. 255 (2006), this Court takes the following additional considerations into account when determining the appropriate level of child support in the instant case: "the parties' financial circumstances, the reasonable expenses of the child, and the parties' station in life, their age and physical condition, and expenses in educating the child." <u>Id.</u> at 266 (quoting <u>Smith v. Freeman</u>, 149 Md. App. 1, 20 (2002)) (internal quotation marks omitted).

In this case and based upon the relative income of the parties; the fact that Plaintiff has sole physical custody of A███████ and the Defendant has sole physical custody of R██████; and the Plaintiff receiving $3,500.00 in alimony; and Plaintiff's payments of the children's healthcare of $273.00 per month, the Court finds that Defendant's child support for A██████ is $2,963.00 per month and the Plaintiff's child support for R████ is $1,077.00 per month. Therefore, net difference is that the Defendant is to pay child support of $1,886.00 per month to the Plaintiff.

The Defendant has been paying child support to the Plaintiff per the *Pendente Lite* Order. He has also been paying expenses associated with R█████ as well as expenses associated with the family home. The Plaintiff has not paid child support for R█████ but has been paying the expenses associated with private school for A██████. It is within the discretion of the Court whether to have child support retroactive to the date of filing which is October 2010. The Plaintiff testified that the Defendant has an arrearage of child support and the Defendant contends that there is no arrearage. Considering that each party has been caring for a child and paying various expenses, the Court will not make child support retroactive to the date of filing, rather, child support will be effective October 1, 2013.

Therefore, effective October 1, 2013 the Defendant shall pay to the Plaintiff the sum of $1,886.00 per month as child support. R███ is expected to graduate high school in May 2014 and the Plaintiff's obligation to pay child support for R███ terminates. Therefore, effective June 2014, there is no longer a need to offset, and the Defendant's child support shall increase to $2,963.00 per month. Child support will however need to be recalculated when the Defendant's obligation to pay rehabilitative alimony terminates.

The parties shall be responsible for the child's extraordinary medical expenses (as the term is defined in MD. CODE ANN., § 12-204(h)(2)) in proportion to their incomes. Similar to Defendant's alimony payments, payments of child support are to be through an Earnings Withholding Order, entered the same date as this Supplemental Memorandum Opinion.

## V.   USE AND POSSESSION OF THE FAMILY HOME

Defendant has requested use and possession of the family home. The Plaintiff has not requested use and possession of the family home and has requested that the home be sold.

Pursuant to § 8-208(a) of the Family Law Article, the Court may award use and possession of the family home and family use personal property to a custodial parent. When awarding use and possession, the Court must consider the following factors:

(1) the best interests of any child;

(2) the interest of each party in continuing:

(i) to use the family use personal property or any part of it, or to occupy or use the family home or any part of it as a dwelling place; or

> (ii) to use the family use personal property or any
> part of it, or to occupy or use the family home or
> any part of it for the production of income; and
>
> (3) any hardship imposed on the party whose interest in the
> family home or family use personal property is infringed on
> by an order issued under §§ 8-207 through 8-213 of this
> subtitle.

MD. CODE ANN., FAM. LAW, § 8-208(a). In the instant case, the Court heard testimony

that the marital home is jointly owned by the Plaintiff and Defendant. Each parent has a

child in his/her care and custody. The Plaintiff has custody of A███ and the Defendant

has custody of R███. The Plaintiff resides in a residence owned by her brother and the

Defendant resides in the family home.

The Court has considered each of the statutory factors. Except for argument by

counsel, the Court notes the Defendant did not present testimony or evidence for an

award of use and possession. Counsel argues that the Defendant should continue to have

use and possession since he has remained in the home and has been paying the bills

associated with the home and that R███ attends school in the area. Even though the

Defendant is currently unemployed, the Court has determined the Defendant's potential

income to be considerably more than Plaintiff.

The marital home is the parties' primary asset, and based on the Defendant's

history of not paying the mortgage or taxes on the Ocean City condo, as well as failing to

pay the taxes on the family home until the home was going to be sold at a tax sale, an

award of use and possession would not be appropriate. The Court finds that there will be

no significant hardship to the Defendant or minor child by failing to award use and

possession.

Additionally, the Defendant has the financial resources to obtain a new residence in the same school district so that R████ can continue to attend public school.   The disposition of the marital home will be discussed below.

VI.   Division of Marital Property and Equitable Distribution

The Court must determine the status of the parties' property and the value of said property. Strauss v. Strauss, 101 Md. App. 490 (1994); Randolph v. Randolph, 67 Md. App. 577, 584 (1986). This three-step process, requiring the Court to (a) identify which property constitutes marital property, (b) value the marital property, and finally (c) determine whether and in what amount a monetary award should be granted to either party, can culminate in a decision to then transfer ownership in a pension or retirement plan and/or grant a monetary award as an adjustment or the equities and rights of the parties, whether or not alimony is awarded. See Randolph, 67 Md. App. at 584; see also MD. CODE ANN., FAM. LAW, § 8-205(a).

1.     Determination of Marital Property

"Marital property" is statutorily defined as "property, however titled, acquired by 1 or both parties during the marriage"; marital property also includes "any interest in real property held by the parties as tenants by the entirety." MD. CODE ANN., FAM. LAW, § 8-201(e)(1), (e)(2). Marital property does not include property that was acquired before the marriage, acquired by inheritance or gift from a third party, excluded by valid agreement, or directly traceable to any of these sources. § 8-201(e)(3).

At trial, an Amended Joint Statement of Marital and Non-Marital Property ("Joint Statement") was admitted into evidence and an updated Joint Statement dated March 18,

2013 was submitted to the Court. The Joint Statement enumerates for the Court the

relevant property and the parties' assertions as to value. This property includes:

(a)     The marital home;

(b)     The Ocean City condo;

(c)     Plaintiff's USAA account (ending in #850-9);

(d)     Plaintiff's USAA account (ending in #851-7);

(e)     Plaintiff's Tower Federal Credit Union Prime Share
        account (ending in #7773);

(f)     Plaintiff's Tower Federal Credit Union Loan account
        (ending in #7773 -01);

(g)     Plaintiff's Tower Federal Credit Union Checking account
        (ending in #7773);

(h)     Plaintiff's E-Trade account (ending in #6865);

(i)     APL Federal Credit Union Savings account (ending in
        #1270);

(j)     APL Federal Credit Union Checking account (ending in
        #1270);

(k)     APL Federal Credit Union Savings account (ending in
        #4670);

(l)     APL Federal Credit Union Checking account (ending in
        #4670)

(m)     Defendants APL Federal Credit Union Savings account
        (ending in #9740);

(n)     Defendant's APL Federal Credit Union Checking account
        (ending in #9740);

(o)     APL Federal Credit Union Savings account (ending in
        #3270);

(p)     APL Federal Credit Union Checking account (ending in
        #3270);

(q)     Defendant's E-Trade Stock account (ending in 2840);

(r)     Defendant's E-Trade Complete account (ending 2840);

(s)     Defendant M&T Bank account (ending in 7304);

(t)     Defendant's Roth Investment account (ending 32-13);

(u)     Defendant's Vacation Time;

(v)     Defendant's Frequent Flyer miles;

(w)     Defendant's personal property;

(x)     Plaintiff's personal property;

(y)     Plaintiff's Jewelry;

(z)     Furniture in the marital home and beach home;

(aa)    Plaintiff's Vanguard Pension Plan B account ending in
        0367 & Pension Plan A account ending 1190;

(bb)    Plaintiff's New York Life Variable Annuity account
        (ending 7-334);

(cc)    Defendant's E-Trade Roth IRA account (ending in 5447);

(dd)    Defendant's E-Trade Rollover IRA account (ending in
        7399);

(ee)    Defendant's ING-401(k) - Bridgeport Networks, Inc.,
        account;

(ff)    Defendant's Smith Micro Software, Inc. 401(k) account;

(gg)    Defendant's IBM Plus Plan (401(k) account;

(hh)    Defendant's IBM Plus Plan 401(k) Rollover account;

(ii)    Defendant's Open Wave 401(k) plan;

(jj)    Defendant's 25,000 shares of common stock in Smith
        Micro Software;

(kk)    Defendant's 10,000 shares of common stock in Smith Micro Software;

(ll)    Plaintiff's 2010 Mazda CX-76 automobile;

(mm)    Defendant's 2009 Volvo automobile;

(nn)    Defendant's 2009 Dodge Journey automobile;

(oo)    Plaintiff's E-Trade Roth IRA account (ending in 9889);

(pp)    Maryland Prepaid College Trust account;

(qq)    Plaintiff's New York Life Variable Annuity account (ending x8-711).

The Court agrees that the above-enumerated property constitutes marital property under § 8-201 of the Family Law Article.

The parties are not in agreement as to whether the following property is marital or non-marital:

(rr)    Plaintiff's E-Trade Roth IRA account (ending 9889);

(ss)    Plaintiff's Maryland Prepaid College Trust;

(tt)    Plaintiff's New York Life Variable Annuity account (ending x8-711).

The Plaintiff's E-Trade Roth IRA account has a fair market value of approximately $400.00. There is a tax liability of approximately $17,000.00 for taxes owed and penalties after withdrawal. There is no value to this asset and therefore an analysis of whether it is marital or non-marital is not necessary.

The Plaintiff's Maryland Prepaid College Trust account has no value listed on the 9-207 statement and therefore the Court does not have to make a determination of whether the account is a marital or non-marital asset.

The Plaintiff testified that the New York Life variable annuity was an asset that was obtained prior to the marriage and there was no contradictory testimony by the Defendant. Therefore, the Court finds that this account is a non-marital asset.

    2.    <u>Valuation of Marital Property</u>

Once the Court has determined what property constitutes marital property, it must then determine the value of said property. <u>Strauss v. Strauss</u>, 101 Md. App. 490 (1994). The Court is not permitted to arbitrarily assign a fair market value to an item. Rather, the value of marital property is calculated by taking the fair market value and subtracting from it the non-marital portion of the property and the marital debt. Marital debt, in turn, is debt directly traceable to the acquisition of marital property. <u>Schweizer v. Schweizer</u>, 301 Md. 626, 636 (1984). If said debt cannot be traced to the acquisition of marital property, however, then it does not constitute marital debt. <u>Id.</u>

For the majority of assets identified by the parties, the Court heard testimony from the parties with respect to valuation of the certain assets. The Plaintiff presented documentation to corroborate the values listed on the 9-207 statement. It is well-established in Maryland, "an owner of property is presumed to be qualified to testify as to his opinion of the value of property he owns, not because he has title, but on the basis that ordinarily the property owner knows his property intimately and is familiar with its value." <u>Colonial Pipeline Co. v. Gimbel</u>, 54 Md. App. 32, 44 (1983) (citation omitted).

Considering the testimony, exhibits, and the Court's determination of the parties' credibility, the Court makes the following findings as to the value of the parties' marital property:

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| The marital home | Joint | $412,500.00 | $217,671.00 ($212,725.00 mortgage plus $4,946.00 real estate taxes) | $194,829.00 |
| Ocean City Condo, 1301 Sand Dune Road | Joint | $130,000.00 | $132,000.00 | $0.00 |
| USAA account (ending in #850-9) | Plaintiff | $0.73 | $0.00 | $0.73 |
| USAA account (ending in #851-7) | Plaintiff | $25.15 | $0.00 | $25.15 |
| Tower Federal Credit Union Prime Share account (ending in #7773) | Plaintiff | $5.63 | $0.00 | $5.63 |
| Tower Federal Credit Union Loan account (ending in #7773 -01) | Plaintiff | $0.00 | $0.00 | $0.00 |
| Plaintiff's Tower Federal Credit Union Checking account (ending in #7773) | Plaintiff | $450.00 | $0.00 | $450.00 |
| E-Trade account (ending in #6865) | Plaintiff | $22.96 | $0.00 | $22.96 |
| APL Federal Credit Union Savings account (ending in #1270) | Joint | $51.75 | $0.00 | $51.75 |
| APL Federal Credit Union Checking account (ending in #1270) | Joint | $2.08 | $0.00 | $2.08 |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| APL Federal Credit Union Savings account (ending in #4670) | Joint | $97.90 | $0.00 | $97.90 |
| APL Federal Credit Union Checking account (ending in #4670) | Joint | $947.92 | $0.00 | $947.92 |
| APL Federal Credit Union Savings account (ending in #9740) | Defendant | $71.74 | $0.00 | $71.74 |
| APL Federal Credit Union Checking account (ending in #9740) | Defendant | $4,294.34 | $0.00 | $4,294.34 |
| APL Federal Credit Union Savings account (ending in #3270) | Defendant FBO ▮▮▮ | $0.00 | $0.00 | $0.00 |
| APL Federal Credit Union Checking account (ending in #3270) | Defendant FBO R▮▮▮ | $0.00 | $0.00 | $0.00 |
| E-Trade Stock account (ending in 2840 | Defendant | $0.00 | $0.00 | $0.00 |
| E-Trade Complete account (ending in 2840 | Defendant | $1.481.76 | $0.00 | $1,481.76 |
| M&T Bank account (ending in 7304 | Defendant | $132.64 | $0.00 | $132.64 |
| Roth Investment account (ending 32-13); | Defendant | $8,997.05 | $0.00 | $8,997.05 |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| Defendant's vacation Time (240 Hours) | Defendant | $0.00 | $0.00 | $0.00 |
| Defendant's Frequent Flyer Miles (220,545 miles) | Defendant | $0.00 | $0.00 | $0.00 |
| Defendant's personal property | Defendant | $10,000.00 | $0.00 | $10,000.00 |
| Plaintiff's personal property | Plaintiff | $2,000.00 | $0.00 | $2,000.00 |
| Plaintiff's Jewelry | Plaintiff | $150.00 | $0.00 | $150.00 |
| Furniture in marital home | Joint | $24,700.00 | $0.00 | $24,700.00 |
| Plaintiff's Vanguard Pension Plan B account ending in 0367 & Pension Plan A acct ending 1190 | Plaintiff | $179,230.81 | $0.00 | $,179,230.81 |
| New York Life Variable Annuity account (ending 7-334) | Plaintiff | $61,696.13 | $0.00 | $61,696.13 |
| E-Trade Roth IRA account (ending in 5447 | Defendant | $3,762.73 | $0.00 | $3,762.73 |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| E-Trade Rollover IRA account (ending in 7399 | Defendant | $25,839.90 | $0.00 | $25,839.90 |
| ING-401(k) - Bridgeport Networks, Inc., account | Defendant | $42,308.84 | $0.00 | $42,308.84 |
| Smith Micro Software, Inc. 401(k) account; | Defendant | $78,258.79 | $18,511.74 | $59,747.05 |
| IBM Plus Plan 401(k) account; | Defendant | $56,878.83 | $0.00 | $56,878.83 |
| IBM Plus Plan 401(k) Rollover account | Defendant | $8,450.94 | $8,450.94 | $0.00 |
| Open Wave 401(k) plan account | Defendant | $0.00 | $0.00 | $0.00 |
| 25,000 shares of common stock in Smith Micro Software | Defendant | $0.00 | $0.00 | $0.00 |
| Defendant's 10,000 shares of common stock in Smith Micro Software | Defendant | $0.00 | $0.00 | $0.00 |
| 2010 Mazda CX-76 automobile | Plaintiff | $19,000.00 | $16,551.98 | $2,448.98 |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| 2009 Volvo | Defendant | $12,000.00 | $0.00 | **$12,000.00** |
| 2009 Dodge Journey | Defendant | $12,040.00 | $0.00 | **$12,400.00** |

Except for the Plaintiff and Defendant's business interests and accounts for the benefit of the minor children, the Plaintiff has approximately $246,030.39 in assets in her name and the Defendant has approximately $237,914.88 in assets in his name. The joint assets, which include the martial home, the furniture in the marital home and the APL savings and checking accounts, are valued at $220,628.65.

   3.   Adjustment of the Equities/Marital Award/Equitable Division

The Court's power to make an adjustment of the equities with respect to marital property is governed by § 8-205 of the Family Law Article of the Maryland Code. That section provides in relevant part:

> [A]fter the court determines which property is marital property, and the value of the marital property, the court may transfer ownership of an interest in property . . . , grant a monetary award, or both, as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded.

MD. CODE ANN., FAM. LAW, § 8-205(a)(1). In determining whether to make a marital award or take other appropriate action, the Court must consider the following factors:

> (1) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) the value of all property interests of each party;

(3) the economic circumstances of each party at the time the award is to be made;

(4) the circumstances that contributed to the estrangement of the parties;

(5) the duration of the marriage;

(6) the age of each party;

(7) the physical and mental condition of each party;

(8) how and when specific marital property or interest in property described in subsection (a)(2) of this section, was acquired, including the effort expended by each party in accumulating the marital property or the interest in property described in subsection (a)(2) of this section, or both;

(9) the contribution by either party of property described in § 8-201(e)(3) of this subtitle to the acquisition of real property held by the parties as tenants by the entirety;

(10) any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home; and

(11) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award or transfer of an interest in property described in subsection (a)(2) of this section, or both.

MD. CODE ANN., FAM. LAW, § 8-205(b). Further, the Court is statutorily permitted to

"reduce to a judgment any monetary award made under this section, to the extent that any

part of the award is due and owing." § 8-205(c).

Having considered each of the statutory factors enumerated in § 8-205(b),

including but not limited to circumstances that contributed to the estrangement of the

parties, and the parties' monetary and non-monetary contributions, the Court makes the

following findings: The total fair market value of the parties' marital property is $704,573.92. The marital property in the Plaintiff's name is $246,030.39 and the Defendant's is $237,914.88. The $8,000.00 difference is between the Plaintiff's and Defendant's assets is minimal.

Based upon the length of the marriage, the relevant contributions of the parties, and other factors described <u>supra</u>, the Court will not make a marital award to either party, however, the Court will make an equitable distribution and division of marital property. The Court in making this decision recognizes that the Plaintiff has been primarily a stay at home parent who worked part-time in order for the children to attend private school. She has also has made significant non-monetary contributions to the family while the Defendant was able to build and develop his sales and marketing skills and have an earning capacity of at least $300,000.00 a year. The Court is also taking consideration that A███████ is attending private school at a cost of approximately $25,000.00 a year and the Defendant no longer wants him to attend and is unwilling to pay his share of the tuition.

Based upon the length of the marriage, the relevant contributions of the parties, and other factors described above, the Court will (1) sell the marital home and the Plaintiff will receive the net proceeds of the sale. By receiving the full proceeds from the sale of the marital home the Plaintiff will be able to continue to pay for A█████'s private school tuition, as well as to recoup some of the funds that she was entitled to when the Defendant liquidated a marital account of $80,000.00 without the Plaintiff's consent in order to pay his legal fee. Therefore, within thirty (30) days, the parties shall list the house for sale with a real estate agent who subscribes to the Multiple Listing Service

(MLS) for a mutually agreeable listing price. The house will be sold for the best price obtainable. If the parties cannot agree on an agent and/or a listing price within that time period, upon application by either party, the Court will appoint a Trustee to sell the property. The Trustee will have discretion and be entitled to usual fees and expenses upon Petition to the Court, which will be equally divided between the parties. The parties will cooperate with the Trustee. The net proceeds will be distributed to the Plaintiff, Kim Michelle Sterrett; (2) The Ocean City Condo, if it has not been sold at foreclosure, will be transferred to the Plaintiff. The property has no value and the Defendant has demonstrated a desire to no longer own that property by willfully failing to pay the mortgage and fees allowing the property to go into foreclosure. The Plaintiff is willing to pay the mortgage and fees, and therefore, the Ocean City property shall be transferred to the Plaintiff; (3) APL savings and checking account, as well as the furnishings in the marital home that are jointly owned, shall be equally divided by the parties, and if the parties cannot agree on the division, then a trustee shall be appointed by the Court, who will sell the property and the net proceeds after trustees fees, etc., will be equally distributed to the parties; (4) The frequent flyer – one-half (50%) of the frequent flyer miles shall be transferred to the Plaintiff; (5) Except as provided above, each party shall retain the property that is titled in his/her name. Any personal property or items belonging to either party in possession of the other party shall be exchanged/returned within 30 days.

VII.   PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES

The next issue for the Court to determine is Plaintiff's claim for attorneys' fees. Under Maryland law, the Court is permitted to award attorney's fees for pursuing an

action relating to divorce, see MD. CODE ANN., FAM. LAW, § 7-107, child support, see MD. CODE ANN., FAM. LAW, § 12-103, or alimony, see MD. CODE ANN., FAM. LAW, § 11-110. When considering whether a party is entitled to receive attorney's fees as contribution for pursuing an action for divorce, this Court is directed to look at "(1) the financial resources and financial needs of both parties; and (2) whether there was substantial justification for prosecuting or defending the proceeding." § 7-107(c). Likewise, when considering the propriety of attorney's fees in the context of child support, the Court must consider "(1) the financial status of each party; (2) the needs of each party; and (3) whether there was substantial justification for bringing, maintaining, or defending the proceeding." § 12-103(b). Given that each category applies substantially the same standard, the Court will consider the financial resources and needs of each party, as well as the "substantial justification" prong.

First the Court examines the parties' financial resources and needs. As indicated supra, Plaintiff and Defendant have approximately $240,000.00 in assets in their names, and the Defendant has earned over $300,000.00 a year for the past few years while the Plaintiff has earned between $60,000.00 and $75,000.00 a year.

The standard for an award of attorneys' fees is conjunctive and therefore the Court must also examine the "substantial justification" prong. The term "substantial justification" is never explicitly defined by statute or case law. However, the term has been used to refer to parties' submission of "unnecessary and dilatory pleadings which have resulted in exceptionally high attorney fees," Stern v. Stern, 58 Md. App. 280, 300 (1984), as well as "a pattern of obstructive and dilatory tactics verging on contemptuous

conduct." Miller v. Miller, 70 Md. App. 1, 11 (1987). Bad faith, however, is not a prerequisite for finding a lack of substantial justification. See id.

In this case, there is evidence that Defendant filed numerous motions as well as motions to reconsider when the ruling was not in his favor. The Defendant also appealed an award of interim counsel fees of $20,000.00, and spent approximately $25,000.00 in counsel fees for the appeal, and subsequently lost the appeal. This case was originally set for a three (3) day hearing, however, due to the Defendant's change in counsel, his counsel's unfortunate medical problems, as well as counsel's delays, caused this matter to be unnecessarily extended to 11 days. Additionally, the Defendant's lack of compliance to Court orders for counseling, as well as for distribution of assets, caused additional litigation and unnecessary counsel fees. The Defendant liquidated a joint marital asset without the Plaintiff's consent of approximately $80,000.00 and paid his counsel. The Plaintiff liquidated approximately $14,000.00 of a joint asset, and liquidated a pre-marital asset to pay a portion of her counsel fees. The Court found that the Plaintiff's statement that the Defendant was going to "financially devastate" her to be credible. The Plaintiff's counsel fees are in excess of $175,000.00 for this matter. At least $100,000.00 of the fees are unnecessary and are due to the Defendant's actions and conduct. Therefore, the Plaintiff shall be awarded $100,000.00 in counsel fees, which will be reduced to a judgment in favor of the Plaintiff.

11/12/13
Date

William V. Tucker
William V. Tucker, Judge
Circuit Court for Howard County

ENTERED
NOV 18 2013

CLERK, CIRCUIT COURT
HOWARD COUNTY.          Page 31 of 31

## In the Circuit Court For Howard County, Maryland

**STERRETT-DAY** )
vs.  Plaintiff )  Civil no. **13-C-10-84542**
)
**DAY** )
Defendant )

| Children | Date of Birth | Children | Date of Birth |
|---|---|---|---|
| A██████ | ████1998 | | |

| | Mother | Father | Combined |
|---|---|---|---|
| **1. Monthly Actual Income-Before Taxes** | 6250 | 24926 | 31176 |
| a. Minus pre-existing child support payment actually paid | | | |
| b. Minus alimony actually paid | | | |
| c. Plus/minus alimony awarded in this case | 3500 | -3500 | |
| **2. Monthly Adjusted Actual Income** | 9750 | 21426 | 31176 |
| **3. Percentage of Shared Income** | | | |
| Apply line 2 combined to Child Support Schedule | 31.3% | 68.7% | |
| **4. Basic Child Support Obligation** | | | 4040 |
| a. Work-Related Child care expenses Code FL,12-204(g) | | | 0 |
| b. Health Insurance Expenses Code FL,12-204(h)(1) | 273 | | 273 |
| c. Extraordinary Medical Expenses Code FL,12-204(h)(2) | | | 0 |
| d. Cash Medical Support,Code, FL, 12-102(c)(3)(ii) | 0 | 0 | 0 |
| e. Additional Expenses | | | 0 |
| **5. Total Child Support Obligation** | | | 4313 |
| **6. Each Parents Child Support Obligation** | | | |
| (line 3 times line 5) | 1350 | 2963 | |
| **7. Recommended Child Support Obligation** | 0 | 2963 | |
| a. Income apportioned credit/debit from line 4. | 0 | 0 | |
| **8. Recommended Child Support Order** | | 2963 | |

Comments or special adjustments, including any adjustment for certain third party benefits paid to or for the child of an obligor who is disabled, retired, or receiving benefits as a result of a compensable claim (see Code, Family Law Article, §12-204 (j).

Prepared by: **Judge William V. Tucker**    Date: **08/01/2013**

Version 8.1 © SASI-CALC http://www.sasi-calc.com or email support@sasi-calc.com
Use of this form outside the SASI-CALC ™ program is expressly forbidden

## In the Circuit Court For Howard County, Maryland

**STERRETT-DAY**
)
vs.   Plaintiff
)          Civil no. **13-C-10-84542**
)
**DAY**
)
Defendant
)

| Children | Date of Birth | Children | Date of Birth |
|---|---|---|---|
| F▮▮▮ | ▮▮1996 | | |

| | Mother | Father | Combined |
|---|---|---|---|
| **1. Monthly Actual Income-Before Taxes** | 6250 | 24926 | 31176 |
| a. Minus pre-existing child support payment actually paid | | | |
| b. Minus alimony actually paid | | | |
| c. Plus/minus alimony awarded in this case | 3500 | -3500 | |
| **2. Monthly Adjusted Actual Income** | 9750 | 21426 | 31176 |
| **3. Percentage of Shared Income** | | | |
| Apply line 2 combined to Child Support Schedule | 31.3% | 68.7% | |
| **4. Basic Child Support Obligation** | | | 4040 |
| a. Work-Related Child care expenses Code FL, 12-204(g) | | | 0 |
| b. Health Insurance Expenses Code FL, 12-204(h)(1) | 273 | | 273 |
| c. Extraordinary Medical Expenses Code FL, 12-204(h)(2) | | | 0 |
| d. Cash Medical Support, Code, FL, 12-102(c)(3)(ii) | 0 | 0 | 0 |
| e. Additional Expenses | | | 0 |
| **5. Total Child Support Obligation** | | | 4313 |
| **6. Each Parents Child Support Obligation** | | | |
| (line 3 times line 5) | 1350 | 2963 | |
| **7. Recommended Child Support Obligation** | 1350 | 0 | |
| a. Income apportioned credit/debit from line 4. | -273 | 0 | |
| **8. Recommended Child Support Order** | 1077 | | |

Comments or special adjustments, including any adjustment for certain third party benefits paid to or for the child of an obligor who is disabled, retired, or receiving benefits as a result of a compensable claim (see Code, Family Law Article, §12-204 (j).

Prepared by: **Judge William V. Tucker**                    Date: **08/01/2013**

Version 8.1 © SASI-CALC http://www.sasi-calc.com or email support@sasi-calc.com
Use of this form outside the SASI-CALC ™ program is expressly forbidden

| | | |
|---|---|---|
| KIM MICHELLE STERRETT | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| ROBERT DAY | * | HOWARD COUNTY |
| Defendant | * | Case No. 13-C-10-84542 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

In accordance with the Court's Supplemental Memorandum Opinion of even date, it is this _12th_ day of _November_, 2013, by the Circuit Court for Howard County,

ORDERED, that the Defendant, Robert Day, shall pay to Plaintiff, Kim Michelle Sterrett, the sum of One Thousand Eight Hundred and Eighty Six Dollars and Zero Cents (**$1,886.00**) per month, as and for child support for the parties' one (1) minor child, effective October 1, 2013; and it is further

ORDERED, that, effective June 1, 2014, the Defendant shall pay to the Plaintiff the sum of Two Thousand Nine Hundred and Sixty Three Dollars and Zero Cents (**$2,963.00**) per month as child support for the parties' one (1) minor child; and it is further

ORDERED that Plaintiff's claim for rehabilitative alimony be and is hereby GRANTED; and it is further

ORDERED that the Defendant shall pay to Plaintiff the sum of Three Thousand Five Hundred Dollars (**$3,500.00**) per month, as and for rehabilitative alimony for a period of seven (7) years from November 1, 2010; and it is further

Page 1 of 4

TRUE COPY TEST:

Wayne A. Robey 1151000.

Acting Clerk

ORDERED, that the Defendant's rehabilitative alimony arrearage is calculated as One Hundred Twenty-Six Thousand Dollars (**$126,000.00**) as of November 30, 2013 and it is further

ORDERED, that a judgment be entered against the Defendant, Robert Day, and in favor of the Plaintiff, Kim Michelle Sterrett, in the sum of One Hundred Twenty-Six Thousand Dollars (**$126,000.00**) for the rehabilitative alimony arrears, with the lawful rate of interest from the date of this Order; and it is further

ORDERED that all alimony and child support payments shall be made through the Maryland Child Support Account, P.O. Box 17396, Baltimore, Maryland 21297-1396; and it is further

ORDERED that this Order constitutes an immediate and continuing withholding Order on all earnings of Defendant, on or after the date of this Order, and further, that a withholding Order or notice be served immediately on Defendant's employer(s), pursuant to the provisions of Maryland Code Annotated, Family Law Article, § 10-120 *et seq.*; further provided that Defendant shall notify the Court within ten (10) days of any change of address or employment so long as this support Order is in effect, and failure to comply will subject him to a penalty not to exceed $250.00 and may result in him not receiving notice of future proceedings, including those for earnings withholding; and it is further

ORDERED that, on a monthly basis, Defendant shall pay directly to the Maryland Child Support Account any amount of child support, both current and arrears, not garnished from his earnings pursuant to the aforesaid earnings withholding order or notice; and it is further

ORDERED that Defendant's request for use and possession of the marital home located at Cloudland Court, Columbia, Maryland, 21045, be, and the same is hereby DENIED; and it is further

ORDERED that within thirty (30) days of the date of this Order, the marital home shall be listed for sale with a real estate agent who subscribes to the Multiple Listing Service (MLS) for a mutually agreeable listing price. The house will be sold for the best price obtainable. If the parties cannot agree on an agent and/or a listing price within that time period, upon application by either party, the Court will appoint a Trustee to sell the property. The Trustee will have discretion and be entitled to usual fees and expenses upon Petition to the Court, which will be equally divided between the parties. The parties will cooperate with the Trustee. The net proceeds from the sale shall be distributed to the Plaintiff, Kim Michelle Sterrett; and it is further

ORDERED, that the balance of the marital property shall be distributed as follows: (a) The Ocean City Condo, if it has not been sold at foreclosure, will be transferred to the Plaintiff within 30 days of the date of this Order; (b) The APL savings and checking account, as well as the furnishings in the marital home that are jointly owned, shall be equally divided by the parties, and if the parties cannot agree on the division, then a trustee shall be appointed by the Court, who will sell the property and the net proceeds after trustees fees, etc., will be equally distributed to the parties; (c) The frequent flyer – one-half (50%) of the 220,545 frequent flyer miles shall be transferred to the Plaintiff within 30 days of the date of this Order; (d) Except as provided above, each party shall retain the property that is titled in his/her name.   Any personal property or

items belonging to either party in possession of the other party shall be exchanged/returned within 30 days; and it is further

ORDERED that Plaintiff's claim for attorneys' fees be and is hereby GRANTED; and it is further

ORDERED, that the Defendant, Robert Day, shall pay to the Plaintiff, Kim Michelle Sterrett, the sum of One Hundred Thousand Dollars (**$100,000.00**) as an award of counsel fees; and it is further

ORDERED, that a judgment be entered against the Defendant, Robert Day, and in favor of the Plaintiff, Kim Michelle Sterrett, in the sum of One Hundred Thousand Dollars (**$100,000.00**) as and for counsel fees, with the lawful rate of interest from the date of this Order.

William V. Tucker, Judge
Circuit Court for Howard County

ENTERED
NOV 18 2013
CLERK, CIRCUIT COURT
HOWARD COUNTY

CIRCUIT COURT FOR HOWARD COUNTY
Wayne A. Robey
Acting Clerk of Circuit Court
8360 Court Avenue
Ellicott City, MD 21043-4579
(410)-313-2111, TTY for Deaf: (410)-313-3840
Civil(410)313-3844 Criminal(410)313-3822

N O T I C E   O F   R E C O R D E D   J U D G M E N T
Case Number: 13-C-10-084542 DL
C I V I L

Sterrett Day vs Day

I HEREBY CERTIFY that the following Judgment has been recorded in this Court in the above entitled case:

Judgment Against:  Day, Robert Eugene Jr
6012 Cloudland Court
Columbia, MD   21044

Judgment in Favor of:  Sterrett Day, Kim Michelle
NKA Sterrett, Kim Michelle

| | | |
|---|---|---|
| Judgment Ordered On: | 11/18/13 | |
| Judgment Entry Date: | 11/18/13 | Other Fee: $.00 |
| Amount of Judgment: | $100,000.00 | Service Fee: $.00 |
| PreJudgment Interest: | $.00 | Witness Fee: $.00 |
| Appearance Fee: | $.00 | Attorney Fee: $.00 |
| Filing Fee: | $.00 | Total Judgment: $100,000.00 |

With the lawfull rate of interest from the date of this order.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.

*Wayne A. Robey*
Wayne A. Robey
Acting Clerk of Circuit Court

Issued:  11/18/13

CIRCUIT COURT FOR HOWARD COUNTY
Wayne A. Robey
Acting Clerk of Circuit Court
8360 Court Avenue
Ellicott City, MD 21043-4579
(410)-313-2111, TTY for Deaf: (410)-313-3840
Civil(410)313-3844 Criminal(410)313-3822

N O T I C E   O F   R E C O R D E D   J U D G M E N T
Case Number: 13-C-10-084542 DL
C I V I L

Sterrett Day vs Day

    I HEREBY CERTIFY that the following Judgment has been recorded in this Court in the above entitled case:

Judgment Against:  Day, Robert Eugene Jr
                  6012 Cloudland Court
                  Columbia, MD   21044

Judgment in Favor of:  Sterrett Day, Kim Michelle
                     NKA Sterrett, Kim Michelle

| | | |
|---|---|---|
| Judgment Ordered On: | 11/18/13 | |
| Judgment Entry Date: | 11/18/13 | Other Fee: $.00 |
| Amount of Judgment: | $126,000.00 | Service Fee: $.00 |
| PreJudgment Interest: | $.00 | Witness Fee: $.00 |
| Appearance Fee: | $.00 | Attorney Fee: $.00 |
| Filing Fee: | $.00 | Total Judgment: $126,000.00 |
| | With the lawful rate of interest from the date of this order. | |

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.


*Wayne A Robey*
Wayne A. Robey
Acting Clerk of Circuit Court


Issued:  11/18/13

**Exhibit B: Divorce Decree August 27, 2013**

**STATE OF MARYLAND, HOWARD COUNTY, TO WIT:**

      I HEREBY CERTIFY that the aforegoing is a true photocopy of the original taken from the records of the Circuit Court for Howard County as recorded in Case Number: **13C10084542 DL.**

      IN TESTIMONY WHEREOF, I hereto set my hand and affix the seal of of the Circuit Court for  HOWARD COUNTY this **26th Day of**          **August, 2013.**

*Wayne A. Robey*
Wayne A. Robey
Acting Clerk of Circuit Court
for Howard County

KIM MICHELLE STERRETT-DAY     \*    IN THE

       Plaintiff        \*    CIRCUIT COURT

v.          \*    FOR

ROBERT EUGENE DAY, JR.       \*    HOWARD COUNTY

       Defendant       \*    Case No. 13-C-10-84542

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ENTERED**

\*AUG 26 2013

CLERK, CIRCUIT COURT
HOWARD COUNTY

## JUDGMENT FOR ABSOLUTE DIVORCE

In accordance with the Court's ruling from the bench on August 1, 2013, and having

made findings on the record concerning the issues of divorce, custody, visitation and private

school attendance, and having reserved on the issues of determination of income, child support,

alimony, alimony arrears, marital property/division, as well as counsel fees, it is thereupon this

23rd day of August 2013, by the Circuit Court for Howard County, Maryland,

ORDERED, ADJUDGED AND DECREED that the Plaintiff, Kim Michelle Sterrett-

Day, be and she is hereby divorced absolutely from the Defendant, Robert Eugene Day, Jr., on

the grounds of a one year separation; and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff, Kim Michelle Sterrett-

Day, is hereby awarded sole legal and primary physical custody of A█████ Day, the parties

minor child, subject to reasonable and liberal visitation with the Defendant, Robert Eugene Day,

Jr., as follows: during the school year, every other weekend from Friday at 6:00 p.m. to Sunday

at 6:00 p.m., and every Wednesday from after school to 8:00 p.m., and any other times the

parties can agree; and it is further

ORDERED, ADJUDGED AND DECREED, that the Plaintiff, Kim Michelle Sterrett-

Day, and the Defendant, Robert Eugene Day, Jr., be, and they are hereby awarded joint legal

custody of R████ Day, with the Defendant having primary physical custody of the minor child,

251,000

**13-C-10-84542 – Sterrett-Day vs. Day – Judgment of Absolute Divorce**        pg. 2

subject to reasonable and liberal visit with the Plaintiff as follows: every other weekend from

Friday at 6:00 p.m. to Sunday at 6:00 p.m., and every Wednesday from 5:00 p.m. to 8:00 p.m.,

and at any other times the parties can agree; and it is further

ORDERED, ADJUDGED, AND DECREED, that during the days when school is closed,

and if school is closed on a Friday that is to be the defendant's weekend visitation, then the

defendant's weekend visitation shall begin on Thursday after school and the defendant shall have

the child until Sunday at 6:00 p.m.  Additionally, if school is closed on the Monday at the end of

the defendant's weekend visitation, then the defendant shall return the child to the plaintiff on

Monday at 6:00 p.m.; and it is further

ORDERED, ADJUDGED, AND DECREED, that visitation during the summer shall be

as follows:  (1) The summer visitation shall be on a week off/week off basis with the exchanges

to occur on Sundays at 12:00 p.m.;

(2) The summer access schedule shall begin on the first Sunday after school ends for

the summer break;

(3)  Each party is allowed to have the child for two (2) non-consecutive weeks of

summer vacation visitation;

(4)  In the odd numbered years, the plaintiff shall notify the defendant by April 15th of

when she will exercise her two weeks, and the defendant shall notify the plaintiff by May 1st of

when he will exercise his two weeks.  In the even numbered years and defendant shall notify the

plaintiff by April 15th of when he will exercise his two weeks and the plaintiff shall notify the

defendant by May 1st of when she will exercise her two weeks;

(5)  Except for the vacation weeks, the parent who does not have the child during a

week shall have visitation with the child on Tuesday and Thursday from 5:00 p.m. to 8:00 p.m.;

**13-C-10-84542 – Sterrett-Day vs. Day – Judgment of Absolute Divorce**      pg. 3

(6) Camp — the parent who has the child during his/her week shall be responsible for selecting the child's camp and other activities for the time the child is in his/her care. That parent shall also be responsible for payment of all fees and costs associated with the camp or activity; and it is further

ORDERED, ADJUDGED AND DECREED, that the holiday access schedule shall be pursuant to the attached Exhibit A; and it is further

ORDERED, ADJUDGED AND DECREED, that unless the parties otherwise mutually agree, the minor child, A███████Day shall continue to attend the St. Paul School; and it is further

ORDERED; ADJUDGED AND DECREED, that the minor child, R███Day, shall continue to be engaged in counseling as previously ordered to include individual and/or family counseling and re-unification counseling, and the plaintiff and defendant shall cooperate with the recommendations of the child's therapist/counselor; and it is furtherer

ORDERED, ADJUDGED, AND DECREED, that the issues of income, child support, alimony, alimony arrears, division of marital property and equitable distribution, use and possession of the marital home, and counsel fees, are reserved, and a supplemental memorandum and order will be issued that addresses those matters; and it is further

ORDERED, ADJUDGED, AND DECREED, that the Plaintiff, Kim Michelle Sterrett-Day, resume the use of her former name, to wit: Kim Michelle Sterrett.

*William V. Tucker*, Judge
William V. Tucker

**Exhibit  C: The "Tuition Judgment", November 5, 2012**

E₁

KIM MICHELLE STERRETT-DAY      \*      IN THE

        PLAINTIFF            \*      CIRCUIT COURT

    VS                    \*      FOR

ROBERT EUGENE DAY, Jr.        \*      HOWARD COUNTY

        DEFENDANT          \*      CASE NUMBER 13-C-10-84542

                   \*     \*     \*     \*     \*

### ORDER FOR PAYMENT OF PRIVATE SCHOOL TUITION

UPON CONSIDERATION of the pleadings filed in the premises, the prayers for relief, and the arguments received in a hearing before this Court on November 5, 2012, it is, then, by the CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND, this _5th_ day of _November_, 2012,

ORDERED, ADJUDGED, AND DECREED, that the plaintiff's motion to divide private school tuition (D.E. 181000), be, and the same is hereby granted; and it is further

ORDEREDA, ADJUDGED, AND DECREEDA, that the parties shall equally divide the costs of the tuition and fees for the minor child, namely, A█████, to attend St. Paul's School, retorative for the 2012-2013 school year, and pending further Order of this Court; and it is further

ORDERED, ADJUDGED, AND DECREED, that effective November 1, 2012 the defendant, Robert Eugene Day, Jr., shall pay his half of the cost, which is $1,010.50 per month directly to the St. Paul's School; and it is further

ORDERED, ADJUDGED, AND DECREED, that the defendant has an arrearage of Seven Thousand Seventy Three Dollars and Fifty Cents ($7,073.50) as of October 31, 2012, and a judgment shall be entered against the Defendant, Robert Eugene Day, Jr., and in favor of the Plaintiff, Kim Michelle Sterrett-Day, in the sum of Seven Thousand Seventy Three Dollars and fifty Cents($7,073.50), with the lawful rate of interest from the date of this Order; and

All subject to the further Order of this Court.

**ENTERED**

NOV - 8 2012

**CLERK, CIRCUIT COURT HOWARD COUNTY**

_William V. Trahe_____
                    JUDGE

HUE COPY TEST

_Margaret D. Rappaport_

J FRI

181 000

CIRCUIT COURT FOR HOWARD COUNTY
Margaret D. Rappaport
Clerk of the Circuit Court
8360 Court Avenue
Ellicott City, MD 21043-4579
(410)-313-2111, TTY for Deaf: (410)-313-3840
Civil(410)313-3844 Criminal(410)313-3822

N O T I C E   O F   R E C O R D E D   J U D G M E N T
Case Number: 13-C-10-084542 DL
C I V I L

Sterrett Day vs Day

I HEREBY CERTIFY that the following Judgment has been recorded in this Court in the above entitled case:

Judgment Against:  Day, Robert Eugene Jr
6012 Cloudland Court
Columbia, MD    21044

Judgment in Favor of:  Sterrett Day, Kim Michelle

| | | |
|---|---|---|
| Judgment Ordered On: | 11/08/12 | |
| Judgment Entry Date: | 11/08/12 | Other Fee: $.00 |
| Amount of Judgment: | $7,073.50 | Service Fee: $.00 |
| PreJudgment Interest: | $.00 | Witness Fee: $.00 |
| Appearance Fee: | $.00 | Attorney Fee: $.00 |
| Filing Fee: | $.00 | Total Judgment: $7,073.50 |

Lawful rate of interest from the date of this Order

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.

*Margaret D. Rappaport*
Margaret D. Rappaport
Clerk of the Circuit Court

Issued:  11/08/12

**Exhibit  D: The "Interim Fees Judgment", July 6, 2012**

CIRCUIT COURT FOR HOWARD COUNTY
Margaret D. Rappaport
Clerk of the Circuit Court
8360 Court Avenue
Ellicott City, MD 21043-4579
(410)-313-2111, TTY for Deaf: (410)-313-3840
Civil(410)313-3844 Criminal(410)313-3822

N O T I C E    O F    R E C O R D E D    J U D G M E N T
Case Number: 13-C-10-084542 DL
C I V I L

Sterrett Day vs Day

    I HEREBY CERTIFY that the following Judgment has been recorded in this Court in the above entitled case:

Judgment Against:  Day, Robert Eugene Jr
6012 Cloudland Court
Columbia, MD    21044

Judgment in Favor of:  Sterrett Day, Kim Michelle

| | | | |
|---|---|---|---|
| Judgment Ordered On: | 07/06/12 | | |
| Judgment Entry Date: | 07/06/12 | Other Fee: | $.00 |
| Amount of Judgment: | $20,000.00 | Service Fee: | $.00 |
| PreJudgment Interest: | $.00 | Witness Fee: | $.00 |
| Appearance Fee: | $.00 | Attorney Fee: | $.00 |
| Filing Fee: | $.00 | Total Judgment: | $20,000.00 |

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.


*Margaret D. Rappaport*
Margaret D. Rappaport
Clerk of the Circuit Court


Issued:  07/06/12

)                                                    )

KIM MICHELLE STERRETT-DAY            )        IN THE

        Plaintiff                   )        CIRCUIT COURT

v.                                   )        FOR

ROBERT EUGENE DAY, Jr                )        HOWARD COUNTY

        Defendant                   )        Case Number: 13-C-10-084542 DL

## O R D E R

UPON CONSIDERATION of Defendant's Motion to Strike and Plaintiff's opposition thereto, it is this _22nd_ day of _June_ 2012, by the Circuit Court for Howard County, Maryland

ORDERED, that Defendant's Motion to Strike be **DENIED** and the relief requested therein be **DENIED**; and it is further

ORDERED, that this Honorable Court reduce the July 21, 2011 Court Order for Attorneys' Fees in the amount of $20,000.00 to a Judgment in favor of Plaintiff; ~~and it is further~~

~~ORDERED, that Defendant pay to Plaintiff the sum of $_____ as reimbursement of all costs incurred by Plaintiff as a result of the preparation and filing of this Motion, including reasonable attorney's fees.~~

LAW OFFICES
WEINBERG & SCHWARTZ, L.L.C.
2000 CENTURY PLAZA, SUITE 446
10632 LITTLE PATUXENT PARKWAY
COLUMBIA, MARYLAND 21044
410-997-0203

_William V. Tucker_

JUDGE - Circuit Court for Howard County, Maryland

ENTERED

JUL 8 2012

CLERK, CIRCUIT COURT
HOWARD COUNTY

Copies to:

Mani B. Schwartz, Attorney at Law
Anos M. Whitney, Esquire
2000 Century Plaza, Suite 446
10632 Little Patuxent Parkway
Attorneys for Plaintiff

Elizabeth J. Case, Attorney at Law
10025 Governor Warfield Pkwy Ste 301
Columbia MD 21044-3331
Best Interest Attorney

Sherae M. McNeal, Attorney at Law
Law Office of O'GUINN&McNEAL,
9881 Broken Land Parkway, Suite 202
Columbia, Maryland 21046
Attorney for Defendant

JoAnn Woodson Branche, Attorney at Law
6170 Freetown Road
Suite 200-35
Columbia, Maryland 21044
Attorney for Defendant

TRUE COPY TEST

Form 281 (08/06)

# United States Bankruptcy Court

__Baltimore Division__ **District Of** __Maryland__

In re ___Robert E. Day, JR.___ ,          Case No. __13-30487__
                Debtor(s)

## APPEARANCE OF CHILD SUPPORT CREDITOR*
## OR REPRESENTATIVE

I certify under penalty of perjury that I am a child support creditor* of the above-named
debtor, or the authorized representative of such child support creditor, with respect to the
child support obligation which is set out below.

Name:   Kim Michelle Sterrett
Organization:
Address:   5343 High Wheels Ct Columbia, MD 21044

Telephone Number:   202-618-2793

__August 18. 2014__          x _KMSterret_
        Date                  Child Support Creditor* or Authorized Representative

---

### Summary of Child Support Obligation

Amount in arrears:                    If Child Support has been assigned:

$   186,597.29                            Amount of Support which is owed
                                       under assignments:

Amount currently due per week or per month:
on a continuing basis:

$   8,213.00                          $ _____
      (per week) (per month)

                                      Amount owed primary child support
                                         creditor (balance not assigned):

                                      $ _____

**Attach an itemized statement of account.  Do not disclose the name of a minor child.  See 11 U.S.C.
§ 112.  If a social security number or a taxpayer identification number is included, set out only the
last four digits of the number. Judicial Conference Privacy Policy (09/01).**

---

\* Child support creditor includes both creditor to whom the debtor has a primary obligation to pay child support
as well as any entity to whom such support has been assigned, if pursuant to Section 402(a)(26) of the Social
Security Act or if such debt has been assigned to the Federal Government or to any State or political subdivision
of a State.

Child Support Enforcement System                                             Page 1 of 1

# Payment Summary

< Previous Screen    Select Case    NCP Refund    Print    Help    Close

Printer Destination: [          ]    Print All

| CO Number / FIPS: | | Current/Archive: | Case Number: | Case Type: | Case Sub Type: |
|---|---|---|---|---|---|
| 13-C-10-84542/24027 | | Current [ ] Go | 790122638 | NA | RN |

| CU Name: | CU ID: | Unproc/Undisb: | Total Balance: | CU SSN: |
|---|---|---|---|---|
| KIM M STERRETT-DAY | 450046334 | | $186,597.29 | |

| NCP Name: | NCP ID: | NCP Multi Case: | Next Due Date: | NCP SSN: |
|---|---|---|---|---|
| ROBERT EUGENE DAY JR | 416044644 | | 09/01/2014 | |

| Current SOA: | Freq: | Arrears SOA: | Freq: | TCA Arrears: |
|---|---|---|---|---|
| $6,463.00 | M | $1,750.00 | M | N |

| Futures Amt: | Future Bypass: | Bypass Begin Date: | Bypass End Date: | Case Level Hold: | Disbursement Hold: |
|---|---|---|---|---|---|
| $0.00 | NO | | | NO | NO |

| Abandoned Property Indicator: | Financial Data Archived Indicator: | Case Action Log Archived Indicator: |
|---|---|---|
| N | N | N |

Displaying 1 to 20                                                    <Previous> 1, 2 <Next>

| Collection Date | Receipt Number | JUR | Amount Received | Pymnt Type | Amount Posted | ESR Type | Amount | Check Number | Check Date |
|---|---|---|---|---|---|---|---|---|---|
| 08/08/2014 | 142233573 | 00 | $2,582.20 | E | $2,582.20 | N | $1,398.38 | 613592125 | 08/11/2014 |
| | | | | | | N | $1,183.82 | 613592125 | 08/11/2014 |
| 07/23/2014 | 142085594 | 00 | $5,164.43 | E | $5,164.43 | N | $2,101.61 | 613483528 | 07/24/2014 |
| | | | | | | N | $641.83 | 613483528 | 07/24/2014 |
| | | | | | | N | $1,779.16 | 613483528 | 07/24/2014 |
| | | | | | | N | $641.83 | 613483528 | 07/24/2014 |
| 07/05/2014 | 141924345 | 00 | $2,582.23 | C | $2,582.23 | N | $1,398.39 | 613374687 | 07/08/2014 |
| | | | | | | N | $1,158.84 | 613374687 | 07/08/2014 |
| 06/23/2014 | 141819350 | 00 | $2,816.95 | E | $2,816.95 | N | $1,525.50 | 613285102 | 06/24/2014 |
| | | | | | | N | $1,291.45 | 613285102 | 06/24/2014 |
| 06/09/2014 | 141701820 | 00 | $2,816.95 | E | $2,816.95 | N | $1,525.50 | 613194863 | 06/10/2014 |
| | | | | | | N | $1,291.45 | 613194863 | 06/10/2014 |
| 05/23/2014 | 141558428 | 00 | $2,816.95 | E | $2,816.95 | N | $1,830.55 | 613083584 | 05/27/2014 |
| | | | | | | N | $986.40 | 613083584 | 05/27/2014 |
| 05/05/2014 | 141408671 | 00 | $500.00 | M | $500.00 | N | $324.92 | 612963242 | 05/06/2014 |
| | | | | | | N | $175.08 | 612963242 | 05/06/2014 |
| 12/04/2013 | 140108515 | 00 | $100.00 | A | $100.00 | N | $100.00 | 611969734 | 12/05/2013 |
| 10/31/2013 | 139612747 | 00 | $100.00 | A | $100.00 | N | $100.00 | 611740179 | 11/01/2013 |
| 10/01/2013 | 139554702 | 00 | $400.00 | A | $400.00 | N | $400.00 | 611546027 | 10/02/2013 |
| 08/29/2013 | 139282352 | 00 | $400.00 | M | $400.00 | N | $400.00 | 611334706 | 08/30/2013 |
| 07/26/2013 | 139002593 | 00 | $100.00 | M | $100.00 | N | $100.00 | 611123338 | 07/29/2013 |
| 07/26/2013 | 139002846 | 00 | $900.00 | M | $900.00 | N | $900.00 | 611123338 | 07/29/2013 |
| 03/18/2013 | 137908226 | 00 | $3,500.00 | M | $3,500.00 | N | $3,500.00 | 610267873 | 03/19/2013 |
| 03/14/2013 | 137873341 | 00 | $500.00 | C | $500.00 | N | $500.00 | 610247958 | 03/15/2013 |
| 03/06/2013 | 137806484 | 00 | $3,500.00 | M | $3,500.00 | N | $3,500.00 | 610199812 | 03/07/2013 |
| 02/26/2013 | 137731714 | 00 | $500.00 | C | $500.00 | N | $500.00 | 610140696 | 02/27/2013 |
| 01/02/2013 | 137273090 | 00 | $3,500.00 | C | $3,500.00 | N | $3,500.00 | 609895506 | 01/03/2013 |
| 12/05/2012 | 137061402 | 00 | $3,500.00 | C | $3,500.00 | N | $3,500.00 | 609797685 | 12/06/2012 |
| 11/06/2012 | 136825721 | 00 | $3,500.00 | C | $3,500.00 | N | $3,475.00 | 609693195 | 11/07/2012 |

Download 37 records as: Excel

<Previous> 1, 2 <Next>

| Case Number: | Region: | Jurisdiction: | User Id: | System Date: | Current Time: |
|---|---|---|---|---|---|
| 790122638 | PRODUCTION | 13 | RXA13W | 08/18/2014 | 12:53:53 |