KIM MICHELLE STERRETT, pro se
5343 High Wheels Court, Columbia, MD 21044

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: ROBERT E. DAY, JR. | ) | CASE NO. 13-30487-NVA |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| KIM MICHELLE STERRETT | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. DAY | ) | |
| AKA ROBERT EUGENE DAY, JR, | ) | |
| Debtor/Respondent | ) | |
| | ) | |
| And | ) | |
| | ) | |
| LORI D. SIMPSON | ) | |
| Trustee/Respondent | ) | |

## MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY

### INTRODUCTION

My name is Kim Michelle Sterrett ("**Movant**"). I am bringing this Motion to Compel

Trustee to Abandon Property, pro se and without legal representation, as a judgment

creditor in the chapter 7 bankruptcy filed by my ex-husband, Robert E. Day, Jr.

("**Defendant**") on December 5, 2013, shortly after the court in our divorce proceedings

1

(our "**Divorce Court**") issued our final divorce and its Memorandum of Supplemental

Opinion on November 18, 2013 (the "**Divorce Opinion,**" attached as **Exhibit A**).

I am asking this bankruptcy court (this "**Court**") to:

(1) Compel Trustee to Abandon real property at 13801 Sand Dune Road, Unit D, Ocean City, Maryland 21842.

(2) Provide such other relief this court finds just and equitable.

In support of this motion, I state the following:

1. This court has jurisdiction over this matter pursuant to 11 U.S.C § 554 and Federal Rules 6007.

2. Lori D. Simpson is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. I am the former spouse of the Debtor. The divorce was finalized in Howard County Circuit Case 13-C-10-84542 on August 26, 2013.

4. I am a TENANT BY THE ENTIRETY of the property at 13801 Sand Dune Road Unit D, Ocean City, Maryland 21842 (the "Ocean City Condo"). A copy of the Maryland Land Record Deed is attached as **Exhibit B.**

5. The deed on the Ocean City Condo is dated March 4, 2004.

6. The purchase price of the Ocean Condo was $202,000.

7. The division of marital property was issued in the Divorce Opinion. The Divorce Court said in part, "*The Ocean City Condo, if it has not been sold at foreclosure, will be transferred to the Plaintiff. The property has no value and the Defendant has*

*demonstrated a desire to no longer own that property by willfully failing to pay the*
*mortgage and fees allowing the property to go into foreclosure. The Plaintiff is willing to*
*pay the mortgage and fees, and therefore, the Ocean City property shall be transferred to*
*the Plaintiff;" and "(a) The Ocean City Condo, if it has not been sold at foreclosure, will*
*be transferred to the Plaintiff within 30 days of the date of this Order;"*

8. The Divorce Order states that the Ocean City property is to be transferred to Plaintiff
   (me) and Defendant (Debtor) has refused to comply with this order and instead filed for
   Chapter 7 bankruptcy.

9. On January 06, 2014 the Debtor filed Schedule C and valued the Ocean City Condo to be
   worth 156,552.00.

10. On our Joint Financial statement 9-207 form dated March 15, 2013, the Debtor valued
    this house to be worth $165,134. A copy of the Joint Financial Statement 9-207 is
    attached as **Exhibit C.**

11. On March 15, 2013, I valued the Ocean City Condo to be worth $130,000.

12. We currently owe about $132,000 the Ocean City Condo for the mortgage to JPMorgan
    Chase Bank.

13. In 2011, the Ocean City Condo sustained extensive water damage.

14. The Ocean City Condo has unresolved electrical problems in both bathrooms and in the
    family room due to water damage.

15. On November 12, 2013, the Divorce Court said this property had no value.

16. Pursuant to 11 U.S. Code § 554 (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

17. Pursuant 11 U.S. Code § 554 (a), the trustee may abandon the Ocean City Property because it is of inconsequential value and benefit to the estate.

18. Pursuant to 11 U.S. Code § 554 (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

19. Pursuant to 11 U.S. Code § 554 (b), I request that the court order the trustee to abandon the Ocean City Condo.

WHEREFORE, the movant, KIM MICHELLE STERRETT respectfully requests that this Honorable Court:

A. Order the trustee to abandon the Ocean City Condo.

B. Grant such other and further relief as may be just and necessary.

## **AFFIDAVIT**

I, Kim Michelle Sterrett, hereby affirm under the penalty of perjury that the foregoing is accurate

and true to the best of my knowledge and belief.

Respectfully Submitted,

Kim Michelle Sterrett
5343 High Wheels Ct
Columbia, MD 21044
(202) 618-2793

Motion to Compel Trustee to Abandon Property
In Re: Robert E. Day, Jr., Case No. 13-30487

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: ROBERT E. DAY, JR. | ) | CASE NO. 13-30487-NVA |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| KIM MICHELLE STERRETT | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. DAY | ) | |
| AKA ROBERT EUGENE DAY, JR, | ) | |
| Debtor/Respondent | ) | |
| | ) | |
| And | ) | |
| | ) | |
| LORI D. SIMPSON | ) | |
| Trustee/Respondent | ) | |

DEAR CLERK:

Enclosed for filing, please find Kim Michelle Sterrett's Motion to Compel Trustee to Abandon Property. Please return a date stamped copy of the enclosed and return it to me.

Thank you for your attention to the matter.

Respectfully submitted,

Kim Michelle Sterrett
5343 High Wheels Ct
Columbia, MD 21044
(202) 618-2793

Motion to Compel Trustee to Abandon Property
In Re: Robert E. Day, Jr., Case No. 13-30487

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___th day of August, 2014, a copy of the foregoing was sent via email to:

- Paul Jay Adams jay.adams@bww-law.com, bankruptcy@bww-law.com
- Colin James Casler ccasler@ccclaw.net, cccoon@ccclaw.net; davidhcole@ccclaw.net; zcoon@ccclaw.net; mshach@ccclaw.net
- Renee O. Dyson rdyson@atlanticlawgrp.com, rbailey@atlanticlawgrp.com; Nangosia@atlanticlaw grp.com
- Lori S. Simpson 7trustee@lsimpsonlaw.com
- Hugh Bernstein  Hugh.M.Bernstein@usdoj.gov

And to Robert Day, Jr. via postal mail to 6012 Cloudland Court, Columbia, Maryland 21044

Kim Michelle Sterrett

Motion to Compel Trustee to Abandon Property
In Re: Robert E. Day, Jr., Case No. 13-30487

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: ROBERT E. DAY, JR. | ) | CASE NO. 13-30487-NVA |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| KIM MICHELLE STERRETT | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. DAY | ) | |
| AKA ROBERT EUGENE DAY, JR, | ) | |
| Debtor/Respondent | ) | |
| | ) | |
| And | ) | |
| | ) | |
| LORI D. SIMPSON | ) | |
| Trustee/Respondent | ) | |

## **ORDER**

UPON CONSIDERATION of Movant, KIM MICHELLE STERRETT's Motion to Compel
Trustee to Abandon Property and any opposition thereto it is this _____ day of
_____, 2014. By the United States Bankruptcy Court for the District of Maryland
Baltimore Division,

      **ORDERED**, that the Trustee is directed to abandon the Ocean City Condo at 13801 Sand
Dune Road Unit D, Ocean City, Maryland 21814.

_____
Judge
United States Bankruptcy Court for the
District of Maryland Baltimore Division

Motion to Compel Trustee to Abandon Property
In Re: Robert E. Day, Jr., Case No. 13-30487

8

# Exhibit A: Case 13-C-10-84542 Memorandum of Supplemental Opinion on November 18, 2013

## "Divorce Opinion"

| KIM MICHELLE STERRETT | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| ROBERT DAY | * | HOWARD COUNTY |
| Defendant | * | Case No. 13-C-10-84542 |

\* \* \* \* \* \* \* \* \* \* \* \*

## SUPPLEMENTAL MEMORANDUM OPINION

This memorandum is supplemental to this Court's ruling from the bench on August 1, 2013. Trial took place over the course of eleven days between January 30, 2012 and March 5, 2013. It sets out grounds and reasoning for the final decision on the outstanding issues not finally addressed then, which are promulgated in its accompanying Order. The outstanding issues to be addressed are: determination of income, child support, alimony, alimony arrears, division of marital property and equitable distribution, use and possession of the marital home, and counsel fees.

I.    BACKGROUND

The parties were married in December 1990, and are the parents of three children, namely, R█████ Day, who is 21 years old and attends St. Johns University in New York, R█████ Day, born █████████, 1996, and A█████ Day, born █████████, 1998. During the course of the marriage, the parties lived at 6012 Cloudland Court, Columbia, Maryland 21044. The parties separated on August 25, 2010 when the plaintiff moved out of the marital home.

During the course of the marriage the Defendant was the primary breadwinner and wage earner, and the Plaintiff primarily cared for the children, even though she

TRUE COPY TEST

Wayne A Robey

Acting Clerk 262000

worked part-time after R███ was born. The parties have been having marital problems for years before their separation. The problems began in 2004 and continued until May 2010 when the Plaintiff decided to end the marriage.

This matter is a highly contentious divorce. The Court heard testimony from numerous witnesses as well as the parties. It became clear to this Court that the Defendant initially did not want the divorce however he subsequently accepted the fact that the Plaintiff wanted to end their marriage. The Defendant's primary concern is to maintain his financial status and superiority and penalize the Plaintiff. The Plaintiff testified that the Defendant stated to her that he was going to financially devastate her, and the Court finds this to be the true. The Defendant's actions during the pendency of the 11 days of trial over 1½ years are demonstrative of the efforts he is willing to undertake to accomplish his goal. For example, the seven (7) emergency motions, a motion to quash, a number of motions to reconsider, a request for a mental health evaluation of the Plaintiff, and an appeal of an interim counsel fee award to the Court of Special Appeals. The Court issued an Interim Counsel Fee award in favor of the Plaintiff in the amount of $20,000.00 and the Defendant spent over $24,000.00 in counsel fees challenging that order, and subsequently lost on appeal. The Plaintiff's income is approximately $75,000.00 a year and her counsel fees are in excess of $200,000.00, and there are not that many marital assets. Not only did the Defendant devastate the Plaintiff financially, his actions towards R███ and the lack of compliance with court orders for counseling, have contributed to the child's estrangement from the Plaintiff and has had an adverse effect on the mother-daughter relationship, which may have serious long term consequences.

As previously stated, the Defendant initially did not want a divorce, and his actions during the pendency of this matter have demonstrated his intent to do whatever he can do to devastate the Plaintiff.

II.    INCOME

The Court has reviewed the file, the exhibits, and the testimony presented during the trial, and has had occasion to observe and determine the credibility of witnesses during the 11 days of trial.   Based on the foregoing, the Court makes the following findings:   Plaintiff's Income – The Plaintiff is a software engineer and is employed by Johns Hopkins Applied Physics Lab. She has consistently worked part-time, between 20 and 30 hours a week, after R███ was born.  In 2012 she earned $75,000.00, which is the most she has ever earned.  The Defendant argues that full time income should be imputed to the Plaintiff since the children are older and there is no need for the Plaintiff to work part-time.  The Plaintiff testified that she wants to be available for An███ after school and intends to continue to work on a part-time basis.  A███ is a teenager and has no special needs that require the Plaintiff to be available after school.

The Plaintiff also testified that even if she wanted to work full-time, she currently is not allowed due to her current assignment and contract with her employer.  An election has to be made each year, and currently she cannot work more than 30 hours. She has to wait until next year in order to change the election.

Based on the Plaintiff's employment history and earnings, the Court finds that the Plaintiff's annual income is $75,000.00 a year.

Defendant's Income - The Defendant is in sales.  During the pendency of this litigation he was employed by Smith Micro, which is a software company, as a Vice

President. He had previously been employed by Bridgeport, which is also a software company, and did a lot of international travel. The Defendant also wrote a book on International Sales, and presents himself as an expert on international sales and marketing. Based on the exhibits that were admitted into evidence (Pl. #16 & 40 and Def. # 25), in 2009 the Defendant earned $329,556.00, and in 2010 earned $419,022.00, and in 2011 earned $340,422.00, and in 2012 earned $257,809.00. His base pay was approximately $190,000.00 and he also received commissions and bonuses which include awards of stock. The Defendant's boss at Smith Micro was/is the Defendant's best friend. The Plaintiff testified that the Defendant has followed his boss, Mr. Cameron, for three of the Defendant's past four jobs. The Defendant corroborated the Plaintiff's testimony.

The Defendant testified that on February 28, 2013 he was terminated from Smith Micro. When questioned about a severance package, the Defendant testified that he did not have one and that he had to negotiate one with his boss after his boss returned from vacation. The timing of the Defendant's loss of employment is troublesome. As a finder of fact the Court is allowed to use its own experiences, and is aware that it is commonplace in the business industry to award a severance package upon the termination of an employee, and not after the termination. One consideration when negotiating a severance is ability or inability to compete or seek employment with a competitor. In this matter the Defendant has been gainfully employed for many years, earning an average of $300,000.00 a year, with stock options, commissions and bonuses, and 2 days before was this case is concluded, the Defendant is terminated by his best friend, and without receiving a severance package. The discussion and/or negotiation of a severance package

after termination of employment is extremely unusual and is not commonplace. Additionally, the Defendant's demeanor when testifying, his lack of concern about losing his job and his statement that losing his job is a learning experience for his children, adds to the Court's concern. The Plaintiff argues that the Defendant's loss of employment was planned in order to avoid paying alimony and/or child support.

The Court finds that the Defendant's loss of employment was orchestrated by the Defendant in order avoid paying child support and/or alimony and the Court will impute income for the Defendant.

In determining Defendant's income, the Court considers § 12-201(b)(3), which defines "actual income." The Court also takes into account § 12-203(b)(2)(i), which provides the Court with guidance as to proper documentation of income. Subsection (b)(2)(i) provides that "the court may require that parent to provide copies of federal tax returns for the 3 most recent years." The Court has tax returns for at least three years, and notes that in 2010, the year the parties separated, the Defendant earned $419,000, which is the most the Defendant has ever earned. In 2011 the Defendant earned $340,422.00 and in 2012 he earned $257,809.00. The Court will average tax years 2011 and 2012, which is the most accurate assessment of the Defendant's actual income and earning capacity. The Court finds that the Defendant's actual income for purposes of calculating child support and alimony, if any, is **$299,115.00** a year.

III. Alimony and Alimony arrears

Pursuant to § 11-106 of the Family Law Article of the Maryland Code, this Court has the authority to award rehabilitative or indefinite alimony to the party or parties requesting such relief. In her Complaint, Plaintiff requests that the Court award her

alimony on an indefinite basis or, in the alternative, rehabilitative alimony; Defendant

makes no request for alimony.

Section 11-106(c) of the Family Law Article of the Maryland Code delineates the

factors that a Court must consider when determining whether and in what amount to

award a party alimony, whether rehabilitative or indefinite. In the instant case, this Court

is required to consider:

> (1) the ability of the party seeking alimony to be wholly or partly self-supporting;
>
> (2) the time necessary for the party seeking alimony to gain sufficient education or training to enable that party to find suitable employment;
>
> (3) the standard of living that the parties established during their marriage;
>
> (4) the duration of the marriage;
>
> (5) the contributions, monetary and nonmonetary, of each party to the well-being of the family;
>
> (6) the circumstances that contributed to the estrangement of the parties;
>
> (7) the age of each party;
>
> (8) the physical and mental condition of each party;
>
> (9) the ability of the party from whom alimony is sought to meet that party's needs while meeting the needs of the party seeking alimony;
>
> (10) any agreement between the parties;
>
> (11) the financial needs and financial resources of each party, including:
>
>> (i) all income and assets, including property that does not produce income;

(ii) any award made under §§ 8-205 and 8-208 of this article;

(iii) the nature and amount of the financial obligations of each party; and

(iv) the right of each party to receive retirement benefits . . . .

MD. CODE ANN., FAM. LAW, § 11-106(b). The Court briefly considers each of these factors.

1.      Plaintiff's Ability to be Wholly or Partly Self-Supporting

Testimony at trial revealed that Plaintiff has a Bachelor's Degree in Chemistry and has been trained as a software engineer since 1987. She has taken some master's level courses as well as computer programming classes. She has been employed as a contractor with Johns Hopkins Applied Physics lab since 1992. In 2012 the Plaintiff earned $75,000.00 which is the most she has ever earned.

The Court also heard testimony from Plaintiff that the children had been attending private school and her income was used primarily for the private school tuition. Since the separation in 2010 the Plaintiff has been primarily paying the private school tuition as well as her daily living expenses. She is living in a residence that is owned by her brother. The Plaintiff also pays for counseling expenses as well as the expense for the health insurance for the children. She is partially self-supporting.

2.      The Time Necessary for Plaintiff to Gain Sufficient Education or Training to Enable Her to Find Suitable Employment

Although Plaintiff has a college degree and has worked for a number of years outside the home on a part-time basis, her skills and continuing education are not up date. Since she was primarily a stay at home parent, the Plaintiff did not take continuing

education classes needed to compete with other software engineers that are in the industry and job market. Her growth has been limited and technology has changed throughout the years. The Plaintiff's training has been limited and she will need to take additional courses in order to be competitive in the job market. Her income potential will continue to be diminished if she doesn't take the additional courses.

3.    The Standard of Living that the Parties Established During their Marriage

The evidence presented at trial indicates that the parties lived a somewhat lavish lifestyle. The parties own two (2) homes, one home in Howard County and a condo in Ocean City. The Defendant travelled extensively, and the parties took a number of trips. Prior to the separation in 2010, all of their children attended private school, and the average tuition was over $20,000.00 a year per child. The Defendant testified that he has no debt, and maintained their lifestyle from the bonuses and stock he received and from other liquid assets.

4.    The Duration of the Marriage

The parties were married from December 30, 1990 until August 2013. The marriage lasted for just over 22 years and 8 months.

5.    The Contributions, Monetary and Nonmonetary, of Each Party to the Well-Being of the Family

Plaintiff testified that she was employed full-time during the first several years of the marriage until A█████ was born and then began working part-time. She worked part-time and primarily cared for the children. The Plaintiff's non-monetary contributions to the family allowed the Defendant to build his career path, travel and gain sufficient experience in the sales industry to be considered an expert in sales and marketing, and obtain employment that earned over $400,000.00 in one year, with an average income of

over $300,000.00 a year for many years. Throughout the marriage, Defendant appears to have earned substantial income.

6.    The Circumstances that Contributed to the Estrangement of the Parties

After hearing testimony at trial, this Court found that the parties' estrangement was due to Plaintiff's unhappiness in the marriage and the Defendant's unwillingness to provide emotional support, engage in counseling and unwillingness to co-parent.

7.    The Age of Each Party

Plaintiff is 49 years old and Defendant is approximately 47 years old.

8.    The Physical and Mental Condition of Each Party

The Plaintiff appears to be in good physical health. With respect to her mental condition, the Plaintiff has been diagnosed with depression, and has been engaged in counseling. She had also been evaluated by Dr. Berman, and was engaged in therapy with Mr. Stein for issues concerning parenting and issues related to the parties' separation.

9.    Defendant's Ability to Meet His Needs While Meeting the Needs of Plaintiff

Prior to February 2013 the Defendant earned substantial income. The Court has found that the Defendant's loss of employment was orchestrated and that his income is calculated as $299,115.00 a year. Per the Court's previous Order, Defendant has custody of one child and the Plaintiff has custody of another child. The Defendant has been paying the bills associated with the family home and child support to the Plaintiff. He is also required to pay a share of A████'s private school but he has not been consistent with those payments. He has not paid alimony to the Plaintiff, and has more than sufficient income to support himself while also paying support for Plaintiff.

10.    Any Agreement Between the Parties

There are no agreements between the parties with respect to financial issues.

11.    The Financial Needs and Financial Resources of Each Party

Defendant earns substantial income, or has the ability to earn substantial income, and has a number of valuable assets. Plaintiff earns very little compared to the Defendant. The parties have about the same in retirement assets which is approximately $240,000.00 each. The Plaintiff however has had to liquidate non-marital assets to pay her counsel fees, whereas, the Defendant has liquidated joint marital assets to pay his counsel fees. The liquidation of joint marital assets to pay legal fees may not be considered dissipation under Maryland case law, however, the liquidation of the joint assets has reduced the parties' financial resources.

Having considered each of the statutory factors, in addition to the record, testimony, and exhibits, the Court finds that Plaintiff is entitled to alimony. The Court must still determine, however, whether to award Plaintiff alimony for an indefinite period or for purposes of rehabilitation.

The Court of Appeals has explained that

> [i]t is well settled in Maryland that the statutory scheme generally favors fixed-term or so-called rehabilitative alimony, rather than indefinite alimony. Underlying Maryland's statutory preference is the conviction that the purpose of alimony is not to provide a lifetime pension, but where practicable to ease the transition for the parties from the joint married state to their new status as single people living apart and independently. Nonetheless, rehabilitative alimony alone may not be appropriate in every case.

Solomon v. Solomon, 383 Md. 176, 194-95 (2004) (citations and internal quotation marks omitted). Courts are statutorily limited in granting a party indefinite alimony; such a determination may only be made if the court finds that

> (1) due to age, illness, infirmity, or disability, the party seeking alimony cannot reasonably be expected to make substantial progress toward becoming self-supporting; or

> (2) even after the party seeking alimony will have made as much progress toward becoming self-supporting as can reasonably be expected, the respective standards of living of the parties will be unconscionably disparate.

MD. CODE ANN., FAM. LAW, § 11-106(c) (emphasis added). In the instant case, the Court finds that Plaintiff can reasonably "be expected to make substantial progress toward becoming self-supporting." The record shows that Plaintiff is able to work and can find gainful employment and support herself. However, the Court may still award indefinite alimony if it finds that, even after such efforts, "the respective standards of living of the parties will be unconscionably disparate." In this case, however, the Court declines to make such a determination.

Though Defendant's income is substantial, were Plaintiff to find full-time employment and additional training, she would be capable of earning sufficient income so as to render the parties' respective standards of living not so disparate as to be unconscionable. Moreover, the Court notes that the parties' marriage lasted 22 1/2 years; as the Court of Appeals recently explained, the "length of the marriage is a key factor, outweighing several of the others listed in F[amily] L[aw] Section 11-106(b), in determining what is unconscionably disparate." Boemio v. Boemio, 414 Md. 118, 143 (2010).

Plaintiff is a middle-aged woman with a college degree and specialized training. At present, her employment does not afford her the benefit of working full-time. In the current economic climate and constant change in technology the Court finds that given the lengthy period of time during which Plaintiff was not working or continuing to upgrade her skills, rehabilitative alimony payments are necessary "to ease the transition for [Plaintiff] from the joint married state to [her] new status as [a] single [person] living apart and independently." Solomon, 383 Md. at 194-95. Therefore, in this case, as in most cases where a court determines that alimony is appropriate, Plaintiff is entitled to rehabilitative alimony.

After a review of the § 11-106(b) factors and reviewing Plaintiff's financial statement, the Court finds that Defendant shall pay to Plaintiff rehabilitative alimony in the amount of **$3,500.00** per month for a period of seven (7) years commencing November 1, 2010. Defendant's alimony payments shall be paid in accordance with an Earnings Withholding Order.

The Plaintiff requested alimony in the complaint that was filed in October 2010. There was un-contradicted testimony that the Defendant has not paid any amount of alimony to the Plaintiff since the Plaintiff moved out of the marital home. In fact, the Defendant testified that he has not paid alimony to the Plaintiff. The Defendant had earned over $400,000.00 in the year the parties separated and for the next two (2) years earned over $300,000.00 each year, while the Plaintiff earned between $60,000.00 and $75,000.00 a year. An award of retroactive alimony is appropriate in this case. Therefore, the Defendant's alimony arrearage as of November 1, 2013 is calculated as **$126,000.00**, which is 36 months at $3,500.00 a month.

Since the Defendant has demonstrated an unwillingness to pay alimony a judgment in the amount of the arrearage should be entered against the Defendant and in favor of the Plaintiff.

Therefore, in accordance with this Court's Order of even date, within ten (10) days of entry of this Order, Defendant shall pay to Plaintiff **$3,500.00** as and for rehabilitative alimony, effective November 1, 2010, and a judgment be entered against the Defendant and in favor of the Plaintiff in the sum of **$126,000.00** for alimony arrears as of November 30, 2013.

IV.   CHILD SUPPORT

Determination of child support is governed by statute in Maryland. See MD. CODE ANN., FAM. LAW, §§ 12-201 et seq. In discerning the applicable income levels to enter into the statutory equation to determine the proper level of support, the Court must first make a finding as to the parties' respective incomes. Both parties submitted evidence of their respective incomes through exhibits and financial statements. As indicated supra, the Court has determined that Defendant's current income is $299,115.00 per annum, or $24,926.00 per month. As indicated supra, Plaintiff currently earns $6,250.00 per month.

Generally, the Court utilizes the statutory Child Support Guidelines, which are presumptively correct, in determining the appropriate amount of child support. See § 12-202(a)(1). However, in this case the parties' combined income exceeds the $15,000.00 per month gross income level contemplated by the Guidelines. As a result, the Court is statutorily permitted to "use its discretion in setting the amount of child support." § 12-204(d); see also Voishan v. Palma, 327 Md. 318 (1992); Bagley v. Gagley, 98 Md. App. 18 (1993); Shirivastava v. Mates, 93 Md. App. 320 (1992). As the Court of

Special Appeals instructed in <u>Walker v. Grow</u>, 170 Md. App. 255 (2006), this Court takes the following additional considerations into account when determining the appropriate level of child support in the instant case: "the parties' financial circumstances, the reasonable expenses of the child, and the parties' station in life, their age and physical condition, and expenses in educating the child." <u>Id.</u> at 266 (quoting <u>Smith v. Freeman</u>, 149 Md. App. 1, 20 (2002)) (internal quotation marks omitted).

In this case and based upon the relative income of the parties; the fact that Plaintiff has sole physical custody of A███████and the Defendant has sole physical custody of R██████; and the Plaintiff receiving $3,500.00 in alimony; and Plaintiff's payments of the children's healthcare of $273.00 per month, the Court finds that Defendant's child support for A█████ is $2,963.00 per month and the Plaintiff's child support for R████is $1,077.00 per month. Therefore, net difference is that the Defendant is to pay child support of $1,886.00 per month to the Plaintiff.

The Defendant has been paying child support to the Plaintiff per the *Pendente Lite* Order. He has also been paying expenses associated with R█████as well as expenses associated with the family home. The Plaintiff has not paid child support for R█████but has been paying the expenses associated with private school for A███████. It is within the discretion of the Court whether to have child support retroactive to the date of filing which is October 2010. The Plaintiff testified that the Defendant has an arrearage of child support and the Defendant contends that there is no arrearage. Considering that each party has been caring for a child and paying various expenses, the Court will not make child support retroactive to the date of filing, rather, child support will be effective October 1, 2013.

Therefore, effective October 1, 2013 the Defendant shall pay to the Plaintiff the sum of $1,886.00 per month as child support.   R███████is expected to graduate high school in May 2014 and the Plaintiff's obligation to pay child support for R█████ terminates. Therefore, effective June 2014, there is no longer a need to offset, and the Defendant's child support shall increase to $2,963.00 per month.  Child support will however need to be recalculated when the Defendant's obligation to pay rehabilitative alimony terminates.

The parties shall be responsible for the child's extraordinary medical expenses (as the term is defined in MD. CODE ANN., § 12-204(h)(2)) in proportion to their incomes. Similar to Defendant's alimony payments, payments of child support are to be through an Earnings Withholding Order, entered the same date as this Supplemental Memorandum Opinion.

## V.   USE AND POSSESSION OF THE FAMILY HOME

Defendant has requested use and possession of the family home. The Plaintiff has not requested use and possession of the family home and has requested that the home be sold.

Pursuant to § 8-208(a) of the Family Law Article, the Court may award use and possession of the family home and family use personal property to a custodial parent. When awarding use and possession, the Court must consider the following factors:

    (1) the best interests of any child;

    (2) the interest of each party in continuing:

        (i) to use the family use personal property or any part of it, or to occupy or use the family home or any part of it as a dwelling place; or

        (ii) to use the family use personal property or any part of it, or to occupy or use the family home or any part of it for the production of income; and

        (3) any hardship imposed on the party whose interest in the family home or family use personal property is infringed on by an order issued under §§ 8-207 through 8-213 of this subtitle.

MD. CODE ANN., FAM. LAW, § 8-208(a). In the instant case, the Court heard testimony that the marital home is jointly owned by the Plaintiff and Defendant. Each parent has a child in his/her care and custody. The Plaintiff has custody of A▮▮▮ and the Defendant has custody of R▮▮▮. The Plaintiff resides in a residence owned by her brother and the Defendant resides in the family home.

        The Court has considered each of the statutory factors. Except for argument by counsel, the Court notes the Defendant did not present testimony or evidence for an award of use and possession. Counsel argues that the Defendant should continue to have use and possession since he has remained in the home and has been paying the bills associated with the home and that R▮▮▮ attends school in the area. Even though the Defendant is currently unemployed, the Court has determined the Defendant's potential income to be considerably more than Plaintiff.

        The marital home is the parties' primary asset, and based on the Defendant's history of not paying the mortgage or taxes on the Ocean City condo, as well as failing to pay the taxes on the family home until the home was going to be sold at a tax sale, an award of use and possession would not be appropriate. The Court finds that there will be no significant hardship to the Defendant or minor child by failing to award use and possession.

Additionally, the Defendant has the financial resources to obtain a new residence in the same school district so that R█████ can continue to attend public school.   The disposition of the marital home will be discussed below.

VI.   Division of Marital Property and Equitable Distribution

The Court must determine the status of the parties' property and the value of said property. Strauss v. Strauss, 101 Md. App. 490 (1994); Randolph v. Randolph, 67 Md. App. 577, 584 (1986). This three-step process, requiring the Court to (a) identify which property constitutes marital property, (b) value the marital property, and finally (c) determine whether and in what amount a monetary award should be granted to either party, can culminate in a decision to then transfer ownership in a pension or retirement plan and/or grant a monetary award as an adjustment or the equities and rights of the parties, whether or not alimony is awarded. See Randolph, 67 Md. App. at 584; see also MD. CODE ANN., FAM. LAW, § 8-205(a).

1.      Determination of Marital Property

"Marital property" is statutorily defined as "property, however titled, acquired by 1 or both parties during the marriage"; marital property also includes "any interest in real property held by the parties as tenants by the entirety." MD. CODE ANN., FAM. LAW, § 8-201(e)(1), (e)(2). Marital property does not include property that was acquired before the marriage, acquired by inheritance or gift from a third party, excluded by valid agreement, or directly traceable to any of these sources. § 8-201(e)(3).

At trial, an Amended Joint Statement of Marital and Non-Marital Property ("Joint Statement") was admitted into evidence and an updated Joint Statement dated March 18,

2013 was submitted to the Court. The Joint Statement enumerates for the Court the relevant property and the parties' assertions as to value. This property includes:

    (a)      The marital home;

    (b)      The Ocean City condo;

    (c)      Plaintiff's USAA account (ending in #850-9);

    (d)      Plaintiff's USAA account (ending in #851-7);

    (e)      Plaintiff's Tower Federal Credit Union Prime Share account (ending in #7773);

    (f)      Plaintiff's Tower Federal Credit Union Loan account (ending in #7773 -01);

    (g)      Plaintiff's Tower Federal Credit Union Checking account (ending in #7773);

    (h)      Plaintiff's E-Trade account (ending in #6865);

    (i)      APL Federal Credit Union Savings account (ending in #1270);

    (j)      APL Federal Credit Union Checking account (ending in #1270);

    (k)      APL Federal Credit Union Savings account (ending in #4670);

    (l)      APL Federal Credit Union Checking account (ending in #4670)

    (m)      Defendants APL Federal Credit Union Savings account (ending in #9740);

    (n)      Defendant's APL Federal Credit Union Checking account (ending in #9740);

    (o)      APL Federal Credit Union Savings account (ending in #3270);

    (p)      APL Federal Credit Union Checking account (ending in #3270);

(q)      Defendant's E-Trade Stock account (ending in 2840);

(r)      Defendant's E-Trade Complete account (ending 2840);

(s)      Defendant M&T Bank account (ending in 7304);

(t)      Defendant's Roth Investment account (ending 32-13);

(u)      Defendant's Vacation Time;

(v)      Defendant's Frequent Flyer miles;

(w)      Defendant's personal property;

(x)      Plaintiff's personal property;

(y)      Plaintiff's Jewelry;

(z)      Furniture in the marital home and beach home;

(aa)     Plaintiff's Vanguard Pension Plan B account ending in
         0367 & Pension Plan A account ending 1190;

(bb)     Plaintiff's New York Life Variable Annuity account
         (ending 7-334);

(cc)     Defendant's E-Trade Roth IRA account (ending in 5447);

(dd)     Defendant's E-Trade Rollover IRA account (ending in
         7399);

(ee)     Defendant's ING-401(k) - Bridgeport Networks, Inc.,
         account;

(ff)     Defendant's Smith Micro Software, Inc. 401(k) account;

(gg)     Defendant's IBM Plus Plan (401(k) account;

(hh)     Defendant's IBM Plus Plan 401(k) Rollover account;

(ii)     Defendant's Open Wave 401(k) plan;

(jj)     Defendant's 25,000 shares of common stock in Smith
         Micro Software;

| | |
|---|---|
| (kk) | Defendant's 10,000 shares of common stock in Smith Micro Software; |
| (ll) | Plaintiff's 2010 Mazda CX-76 automobile; |
| (mm) | Defendant's 2009 Volvo automobile; |
| (nn) | Defendant's 2009 Dodge Journey automobile; |
| (oo) | Plaintiff's E-Trade Roth IRA account (ending in 9889); |
| (pp) | Maryland Prepaid College Trust account; |
| (qq) | Plaintiff's New York Life Variable Annuity account (ending x8-711). |

The Court agrees that the above-enumerated property constitutes marital property under § 8-201 of the Family Law Article.

The parties are not in agreement as to whether the following property is marital or non-marital:

| | |
|---|---|
| (rr) | Plaintiff's E-Trade Roth IRA account (ending 9889); |
| (ss) | Plaintiff's Maryland Prepaid College Trust; |
| (tt) | Plaintiff's New York Life Variable Annuity account (ending x8-711). |

The Plaintiff's E-Trade Roth IRA account has a fair market value of approximately $400.00. There is a tax liability of approximately $17,000.00 for taxes owed and penalties after withdrawal. There is no value to this asset and therefore an analysis of whether it is marital or non-marital is not necessary.

The Plaintiff's Maryland Prepaid College Trust account has no value listed on the 9-207 statement and therefore the Court does not have to make a determination of whether the account is a marital or non-marital asset.

The Plaintiff testified that the New York Life variable annuity was an asset that was obtained prior to the marriage and there was no contradictory testimony by the Defendant. Therefore, the Court finds that this account is a non-marital asset.

2.    Valuation of Marital Property

Once the Court has determined what property constitutes marital property, it must then determine the value of said property. Strauss v. Strauss, 101 Md. App. 490 (1994). The Court is not permitted to arbitrarily assign a fair market value to an item. Rather, the value of marital property is calculated by taking the fair market value and subtracting from it the non-marital portion of the property and the marital debt. Marital debt, in turn, is debt directly traceable to the acquisition of marital property. Schweizer v. Schweizer, 301 Md. 626, 636 (1984). If said debt cannot be traced to the acquisition of marital property, however, then it does not constitute marital debt. Id.

For the majority of assets identified by the parties, the Court heard testimony from the parties with respect to valuation of the certain assets.  The Plaintiff presented documentation to corroborate the values listed on the 9-207 statement.  It is well-established in Maryland, "an owner of property is presumed to be qualified to testify as to his opinion of the value of property he owns, not because he has title, but on the basis that ordinarily the property owner knows his property intimately and is familiar with its value." Colonial Pipeline Co. v. Gimbel, 54 Md. App. 32, 44 (1983) (citation omitted).

Considering the testimony, exhibits, and the Court's determination of the parties' credibility, the Court makes the following findings as to the value of the parties' marital property:

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| The marital home | Joint | $412,500.00 | $217,671.00 ($212,725.00 mortgage plus $4,946.00 real estate taxes) | **$194,829.00** |
| Ocean City Condo, 1301 Sand Dune Road | Joint | $130,000.00 | $132,000.00 | **$0.00** |
| USAA account (ending in #850-9) | Plaintiff | $0.73 | $0.00 | **$0.73** |
| USAA account (ending in #851-7) | Plaintiff | $25.15 | $0.00 | **$25.15** |
| Tower Federal Credit Union Prime Share account (ending in #7773) | Plaintiff | $5.63 | $0.00 | **$5.63** |
| Tower Federal Credit Union Loan account (ending in #7773 -01) | Plaintiff | $0.00 | $0.00 | **$0.00** |
| Plaintiff's Tower Federal Credit Union Checking account (ending in #7773) | Plaintiff | $450.00 | $0.00 | **$450.00** |
| E-Trade account (ending in #6865) | Plaintiff | $22.96 | $0.00 | **$22.96** |
| APL Federal Credit Union Savings account (ending in #1270) | Joint | $51.75 | $0.00 | **$51.75** |
| APL Federal Credit Union Checking account (ending in #1270) | Joint | $2.08 | $0.00 | **$2.08** |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| APL Federal Credit Union Savings account (ending in #4670) | Joint | $97.90 | $0.00 | $97.90 |
| APL Federal Credit Union Checking account (ending in #4670) | Joint | $947.92 | $0.00 | $947.92 |
| APL Federal Credit Union Savings account (ending in #9740) | Defendant | $71.74 | $0.00 | $71.74 |
| APL Federal Credit Union Checking account (ending in #9740) | Defendant | $4,294.34 | $0.00 | $4,294.34 |
| APL Federal Credit Union Savings account (ending in #3270) | Defendant FBO ████ | $0.00 | $0.00 | $0.00 |
| APL Federal Credit Union Checking account (ending in #3270) | Defendant FBO R████ | $0.00 | $0.00 | $0.00 |
| E-Trade Stock account (ending in 2840 | Defendant | $0.00 | $0.00 | $0.00 |
| E-Trade Complete account (ending in 2840 | Defendant | $1,481.76 | $0.00 | $1,481.76 |
| M&T Bank account (ending in 7304 | Defendant | $132.64 | $0.00 | $132.64 |
| Roth Investment account (ending 32-13); | Defendant | $8,997.05 | $0.00 | $8,997.05 |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| Defendant's vacation Time (240 Hours) | Defendant | $0.00 | $0.00 | $0.00 |
| Defendant's Frequent Flyer Miles (220,545 miles) | Defendant | $0.00 | $0.00 | $0.00 |
| Defendant's personal property | Defendant | $10,000.00 | $0.00 | $10,000.00 |
| Plaintiff's personal property | Plaintiff | $2,000.00 | $0.00 | $2,000.00 |
| Plaintiff's Jewelry | Plaintiff | $150.00 | $0.00 | $150.00 |
| Furniture in marital home | Joint | $24,700.00 | $0.00 | $24,700.00 |
| Plaintiff's Vanguard Pension Plan B account ending in 0367 & Pension Plan A acct ending 1190 | Plaintiff | $179,230.81 | $0.00 | $,179,230.81 |
| New York Life Variable Annuity account (ending 7-334) | Plaintiff | $61,696.13 | $0.00 | $61,696.13 |
| E-Trade Roth IRA account (ending in 5447 | Defendant | $3,762.73 | $0.00 | $3,762.73 |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| E-Trade Rollover IRA account (ending in 7399 | Defendant | $25,839.90 | $0.00 | $25,839.90 |
| ING-401(k) - Bridgeport Networks, Inc., account | Defendant | $42,308.84 | $0.00 | $42,308.84 |
| Smith Micro Software, Inc. 401(k) account; | Defendant | $78,258.79 | $18,511.74 | $59,747.05 |
| IBM Plus Plan 401(k) account; | Defendant | $56,878.83 | $0.00 | $56,878.83 |
| IBM Plus Plan 401(k) Rollover account | Defendant | $8,450.94 | $8,450.94 | $0.00 |
| Open Wave 401(k) plan account | Defendant | $0.00 | $0.00 | $0.00 |
| 25,000 shares of common stock in Smith Micro Software | Defendant | $0.00 | $0.00 | $0.00 |
| Defendant's 10,000 shares of common stock in Smith Micro Software | Defendant | $0.00 | $0.00 | $0.00 |
| 2010 Mazda CX-76 automobile | Plaintiff | $19,000.00 | $16,551.98 | $2,448.98 |

| Description of Property | How Titled | Court-Assigned Fair Market Value | Liens Encumbrances, or Debt Directly Attributable | Marital Value of Property |
|---|---|---|---|---|
| 2009 Volvo | Defendant | $12,000.00 | $0.00 | **$12,000.00** |
| 2009 Dodge Journey | Defendant | $12,040.00 | $0.00 | **$12,400.00** |

Except for the Plaintiff and Defendant's business interests and accounts for the benefit of the minor children, the Plaintiff has approximately $246,030.39 in assets in her name and the Defendant has approximately $237,914.88 in assets in his name. The joint assets, which include the martial home, the furniture in the marital home and the APL savings and checking accounts, are valued at $220,628.65.

      3.    <u>Adjustment of the Equities/Marital Award/Equitable Division</u>

The Court's power to make an adjustment of the equities with respect to marital property is governed by § 8-205 of the Family Law Article of the Maryland Code. That section provides in relevant part:

> [A]fter the court determines which property is marital property, and the value of the marital property, the court may transfer ownership of an interest in property . . . , grant a monetary award, or both, as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded.

MD. CODE ANN., FAM. LAW, § 8-205(a)(1). In determining whether to make a marital award or take other appropriate action, the Court must consider the following factors:

> (1) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) the value of all property interests of each party;

(3) the economic circumstances of each party at the time the award is to be made;

(4) the circumstances that contributed to the estrangement of the parties;

(5) the duration of the marriage;

(6) the age of each party;

(7) the physical and mental condition of each party;

(8) how and when specific marital property or interest in property described in subsection (a)(2) of this section, was acquired, including the effort expended by each party in accumulating the marital property or the interest in property described in subsection (a)(2) of this section, or both;

(9) the contribution by either party of property described in § 8-201(e)(3) of this subtitle to the acquisition of real property held by the parties as tenants by the entirety;

(10) any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home; and

(11) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award or transfer of an interest in property described in subsection (a)(2) of this section, or both.

MD. CODE ANN., FAM. LAW, § 8-205(b). Further, the Court is statutorily permitted to "reduce to a judgment any monetary award made under this section, to the extent that any part of the award is due and owing." § 8-205(c).

Having considered each of the statutory factors enumerated in § 8-205(b), including but not limited to circumstances that contributed to the estrangement of the parties, and the parties' monetary and non-monetary contributions, the Court makes the

following findings: The total fair market value of the parties' marital property is $704,573.92. The marital property in the Plaintiff's name is $246,030.39 and the Defendant's is $237,914.88. The $8,000.00 difference is between the Plaintiff's and Defendant's assets is minimal.

Based upon the length of the marriage, the relevant contributions of the parties, and other factors described <u>supra</u>, the Court will not make a marital award to either party, however, the Court will make an equitable distribution and division of marital property. The Court in making this decision recognizes that the Plaintiff has been primarily a stay at home parent who worked part-time in order for the children to attend private school. She has also has made significant non-monetary contributions to the family while the Defendant was able to build and develop his sales and marketing skills and have an earning capacity of at least $300,000.00 a year. The Court is also taking consideration that A██████ is attending private school at a cost of approximately $25,000.00 a year and the Defendant no longer wants him to attend and is unwilling to pay his share of the tuition.

Based upon the length of the marriage, the relevant contributions of the parties, and other factors described above, the Court will (1) sell the marital home and the Plaintiff will receive the net proceeds of the sale. By receiving the full proceeds from the sale of the marital home the Plaintiff will be able to continue to pay for A██████'s private school tuition, as well as to recoup some of the funds that she was entitled to when the Defendant liquidated a marital account of $80,000.00 without the Plaintiff's consent in order to pay his legal fee. Therefore, within thirty (30) days, the parties shall list the house for sale with a real estate agent who subscribes to the Multiple Listing Service

(MLS) for a mutually agreeable listing price. The house will be sold for the best price obtainable. If the parties cannot agree on an agent and/or a listing price within that time period, upon application by either party, the Court will appoint a Trustee to sell the property. The Trustee will have discretion and be entitled to usual fees and expenses upon Petition to the Court, which will be equally divided between the parties. The parties will cooperate with the Trustee. The net proceeds will be distributed to the Plaintiff, Kim Michelle Sterrett; (2) The Ocean City Condo, if it has not been sold at foreclosure, will be transferred to the Plaintiff. The property has no value and the Defendant has demonstrated a desire to no longer own that property by willfully failing to pay the mortgage and fees allowing the property to go into foreclosure. The Plaintiff is willing to pay the mortgage and fees, and therefore, the Ocean City property shall be transferred to the Plaintiff; (3) APL savings and checking account, as well as the furnishings in the marital home that are jointly owned, shall be equally divided by the parties, and if the parties cannot agree on the division, then a trustee shall be appointed by the Court, who will sell the property and the net proceeds after trustees fees, etc., will be equally distributed to the parties; (4) The frequent flyer – one-half (50%) of the frequent flyer miles shall be transferred to the Plaintiff; (5) Except as provided above, each party shall retain the property that is titled in his/her name. Any personal property or items belonging to either party in possession of the other party shall be exchanged/returned within 30 days.

VII.   PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES

The next issue for the Court to determine is Plaintiff's claim for attorneys' fees. Under Maryland law, the Court is permitted to award attorney's fees for pursuing an

action relating to divorce, see MD. CODE ANN., FAM. LAW, § 7-107, child support, see MD. CODE ANN., FAM. LAW, § 12-103, or alimony, see MD. CODE ANN., FAM. LAW, § 11-110. When considering whether a party is entitled to receive attorney's fees as contribution for pursuing an action for divorce, this Court is directed to look at "(1) the financial resources and financial needs of both parties; and (2) whether there was substantial justification for prosecuting or defending the proceeding." § 7-107(c). Likewise, when considering the propriety of attorney's fees in the context of child support, the Court must consider "(1) the financial status of each party; (2) the needs of each party; and (3) whether there was substantial justification for bringing, maintaining, or defending the proceeding." § 12-103(b). Given that each category applies substantially the same standard, the Court will consider the financial resources and needs of each party, as well as the "substantial justification" prong.

First the Court examines the parties' financial resources and needs. As indicated supra, Plaintiff and Defendant have approximately $240,000.00 in assets in their names, and the Defendant has earned over $300,000.00 a year for the past few years while the Plaintiff has earned between $60,000.00 and $75,000.00 a year.

The standard for an award of attorneys' fees is conjunctive and therefore the Court must also examine the "substantial justification" prong. The term "substantial justification" is never explicitly defined by statute or case law. However, the term has been used to refer to parties' submission of "unnecessary and dilatory pleadings which have resulted in exceptionally high attorney fees," Stern v. Stern, 58 Md. App. 280, 300 (1984), as well as "a pattern of obstructive and dilatory tactics verging on contemptuous

conduct." Miller v. Miller, 70 Md. App. 1, 11 (1987). Bad faith, however, is not a prerequisite for finding a lack of substantial justification. See id.

In this case, there is evidence that Defendant filed numerous motions as well as motions to reconsider when the ruling was not in his favor. The Defendant also appealed an award of interim counsel fees of $20,000.00, and spent approximately $25,000.00 in counsel fees for the appeal, and subsequently lost the appeal. This case was originally set for a three (3) day hearing, however, due to the Defendant's change in counsel, his counsel's unfortunate medical problems, as well as counsel's delays, caused this matter to be unnecessarily extended to 11 days. Additionally, the Defendant's lack of compliance to Court orders for counseling, as well as for distribution of assets, caused additional litigation and unnecessary counsel fees.   The Defendant liquidated a joint marital asset without the Plaintiff's consent of approximately $80,000.00 and paid his counsel. The Plaintiff liquidated approximately $14,000.00 of a joint asset, and liquidated a pre-marital asset to pay a portion of her counsel fees. The Court found that the Plaintiff's statement that the Defendant was going to "financially devastate" her to be credible. The Plaintiff's counsel fees are in excess of $175,000.00 for this matter.   At least $100,000.00 of the fees are unnecessary and are due to the Defendant's actions and conduct. Therefore, the Plaintiff shall be awarded $100,000.00 in counsel fees, which will be reduced to a judgment in favor of the Plaintiff.

11/12/13
Date

William V. Tucker

William V. Tucker,  Judge
Circuit Court for Howard County

ENTERED

NOV 18 2013

CLERK, CIRCUIT COURT
HOWARD COUNTY         Page 31 of 31

## In the Circuit Court For Howard County, Maryland

| | |
|---|---|
| **STERRETT-DAY** | ) |
| vs.  Plaintiff | ) Civil no. **13-C-10-84542** |
| **DAY** | ) |
| Defendant | ) |

| Children | Date of Birth | Children | Date of Birth |
|---|---|---|---|
| A▮▮▮▮ | ▮▮▮1998 | | |

| | Mother | Father | Combined |
|---|---|---|---|
| **1. Monthly Actual Income-Before Taxes** | 6250 | 24926 | 31176 |
| a. Minus pre-existing child support payment actually paid | | | |
| b. Minus alimony actually paid | | | |
| c. Plus/minus alimony awarded in this case | 3500 | -3500 | |
| **2. Monthly Adjusted Actual Income** | 9750 | 21426 | 31176 |
| **3. Percentage of Shared Income** | | | |
| Apply line 2 combined to Child Support Schedule | 31.3% | 68.7% | |
| **4. Basic Child Support Obligation** | | | 4040 |
| a. Work-Related Child care expenses Code FL,12-204(g) | | | 0 |
| b. Health Insurance Expenses Code FL,12-204(h)(1) | 273 | | 273 |
| c. Extraordinary Medical Expenses Code FL,12-204(h)(2) | | | 0 |
| d. Cash Medical Support,Code, FL, 12-102(c)(3)(ii) | 0 | 0 | 0 |
| e. Additional Expenses | | | 0 |
| **5. Total Child Support Obligation** | | | 4313 |
| **6. Each Parents Child Support Obligation** | | | |
| (line 3 times line 5) | 1350 | 2963 | |
| **7. Recommended Child Support Obligation** | 0 | 2963 | |
| a. Income apportioned credit/debit from line 4. | 0 | 0 | |
| **8. Recommended Child Support Order** | | 2963 | |

Comments or special adjustments, including any adjustment for certain third party benefits paid to or for the child of an obligor who is disabled, retired, or receiving benefits as a result of a compensable claim (see Code, Family Law Article, §12-204 (j).

Prepared by: **Judge William V. Tucker**

Date: **08/01/2013**

Version 8.1 © SASI-CALC http://www.sasi-calc.com or email support@sasi-calc.com
Use of this form outside the SASI-CALC ™ program is expressly forbidden

## In the Circuit Court For Howard County, Maryland

**STERRETT-DAY**                    )
vs.   Plaintiff                     )     Civil no.  **13-C-10-84542**
                                    )
**DAY**                             )
      Defendant                     )

| Children | Date of Birth | Children | Date of Birth |
|----------|---------------|----------|---------------|
| F██████  | ██1996        |          |               |

|                                                                  | Mother | Father | Combined |
|------------------------------------------------------------------|--------|--------|----------|
| **1. Monthly Actual Income-Before Taxes**                        | 6250   | 24926  | 31176    |
| a. Minus pre-existing child support payment actually paid        |        |        |          |
| b. Minus alimony actually paid                                   |        |        |          |
| c. Plus/minus alimony awarded in this case                       | 3500   | -3500  |          |
| **2. Monthly Adjusted Actual Income**                            | 9750   | 21426  | 31176    |
| **3. Percentage of Shared Income**                               |        |        |          |
| Apply line 2 combined to Child Support Schedule                  | 31.3%  | 68.7%  |          |
| **4. Basic Child Support Obligation**                            |        |        | 4040     |
| a. Work-Related Child care expenses Code FL,12-204(g)            |        |        | 0        |
| b. Health Insurance Expenses Code FL,12-204(h)(1)                | 273    |        | 273      |
| c. Extraordinary Medical Expenses Code FL,12-204(h)(2)           |        |        | 0        |
| d. Cash Medical Support,Code, FL, 12-102(c)(3)(ii)               | 0      | 0      | 0        |
| e. Additional Expenses                                           |        |        | 0        |
| **5. Total Child Support Obligation**                            |        |        | 4313     |
| **6. Each Parents Child Support Obligation**                     |        |        |          |
| (line 3 times line 5)                                            | 1350   | 2963   |          |
| **7. Recommended Child Support Obligation**                      | 1350   | 0      |          |
| a. Income apportioned credit/debit from line 4.                  | -273   | 0      |          |
| **8. Recommended Child Support Order**                           | 1077   |        |          |

Comments or special adjustments, including any adjustment for certain third party benefits paid to or for the child of an obligor
who is disabled, retired, or receiving benefits as a result of a compensable claim (see Code, Family Law Article, §12-204 (j).

Prepared by:  **Judge William V. Tucker**                          Date:  **08/01/2013**

Version 8.1 © SASI-CALC http://www.sasi-calc.com or email support@sasi-calc.com
Use of this form outside the SASI-CALC ™ program is expressly forbidden

| | | |
|---|---|---|
| KIM MICHELLE STERRETT | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| ROBERT DAY | * | HOWARD COUNTY |
| Defendant | * | Case No. 13-C-10-84542 |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER

In accordance with the Court's Supplemental Memorandum Opinion of even date, it is this 12th day of _November_, 2013, by the Circuit Court for Howard County,

ORDERED, that the Defendant, Robert Day, shall pay to Plaintiff, Kim Michelle Sterrett, the sum of One Thousand Eight Hundred and Eighty Six Dollars and Zero Cents (**$1,886.00**) per month, as and for child support for the parties' one (1) minor child, effective October 1, 2013; and it is further

ORDERED, that, effective June 1, 2014, the Defendant shall pay to the Plaintiff the sum of Two Thousand Nine Hundred and Sixty Three Dollars and Zero Cents (**$2,963.00**) per month as child support for the parties' one (1) minor child; and it is further

ORDERED that Plaintiff's claim for rehabilitative alimony be and is hereby GRANTED; and it is further

ORDERED that the Defendant shall pay to Plaintiff the sum of Three Thousand Five Hundred Dollars (**$3,500.00**) per month, as and for rehabilitative alimony for a period of seven (7) years from November 1, 2010; and it is further

TRUE COPY TEST:

Wayne A. Robey

Acting Clerk

ORDERED, that the Defendant's rehabilitative alimony arrearage is calculated as One Hundred Twenty-Six Thousand Dollars (**$126,000.00**) as of November 30, 2013 and it is further

ORDERED, that a judgment be entered against the Defendant, Robert Day, and in favor of the Plaintiff, Kim Michelle Sterrett, in the sum of One Hundred Twenty-Six Thousand Dollars (**$126,000.00**) for the rehabilitative alimony arrears, with the lawful rate of interest from the date of this Order; and it is further

ORDERED that all alimony and child support payments shall be made through the Maryland Child Support Account, P.O. Box 17396, Baltimore, Maryland 21297-1396; and it is further

ORDERED that this Order constitutes an immediate and continuing withholding Order on all earnings of Defendant, on or after the date of this Order, and further, that a withholding Order or notice be served immediately on Defendant's employer(s), pursuant to the provisions of Maryland Code Annotated, Family Law Article, § 10-120 *et seq.*; further provided that Defendant shall notify the Court within ten (10) days of any change of address or employment so long as this support Order is in effect, and failure to comply will subject him to a penalty not to exceed $250.00 and may result in him not receiving notice of future proceedings, including those for earnings withholding; and it is further

ORDERED that, on a monthly basis, Defendant shall pay directly to the Maryland Child Support Account any amount of child support, both current and arrears, not garnished from his earnings pursuant to the aforesaid earnings withholding order or notice; and it is further

ORDERED that Defendant's request for use and possession of the marital home located at Cloudland Court, Columbia, Maryland, 21045, be, and the same is hereby DENIED; and it is further

ORDERED that within thirty (30) days of the date of this Order, the marital home shall be listed for sale with a real estate agent who subscribes to the Multiple Listing Service (MLS) for a mutually agreeable listing price. The house will be sold for the best price obtainable. If the parties cannot agree on an agent and/or a listing price within that time period, upon application by either party, the Court will appoint a Trustee to sell the property. The Trustee will have discretion and be entitled to usual fees and expenses upon Petition to the Court, which will be equally divided between the parties. The parties will cooperate with the Trustee. The net proceeds from the sale shall be distributed to the Plaintiff, Kim Michelle Sterrett; and it is further

ORDERED, that the balance of the marital property shall be distributed as follows:  (a) The Ocean City Condo, if it has not been sold at foreclosure, will be transferred to the Plaintiff within 30 days of the date of this Order; (b) The APL savings and checking account, as well as the furnishings in the marital home that are jointly owned, shall be equally divided by the parties, and if the parties cannot agree on the division, then a trustee shall be appointed by the Court, who will sell the property and the net proceeds after trustees fees, etc., will be equally distributed to the parties; (c) The frequent flyer – one-half (50%) of the 220,545 frequent flyer miles shall be transferred to the Plaintiff within 30 days of the date of this Order; (d) Except as provided above, each party shall retain the property that is titled in his/her name.   Any personal property or

items belonging to either party in possession of the other party shall be exchanged/returned within 30 days; and it is further

ORDERED that Plaintiff's claim for attorneys' fees be and is hereby GRANTED; and it is further

ORDERED, that the Defendant, Robert Day, shall pay to the Plaintiff, Kim Michelle Sterrett, the sum of One Hundred Thousand Dollars (**$100,000.00**) as an award of counsel fees; and it is further

ORDERED, that a judgment be entered against the Defendant, Robert Day, and in favor of the Plaintiff, Kim Michelle Sterrett, in the sum of One Hundred Thousand Dollars (**$100,000.00**) as and for counsel fees, with the lawful rate of interest from the date of this Order.

William V. Tucker, Judge
Circuit Court for Howard County

ENTERED
NOV 18 2013
CLERK, CIRCUIT COURT
HOWARD COUNTY

CIRCUIT COURT FOR HOWARD COUNTY
Wayne A. Robey
Acting Clerk of Circuit Court
8360 Court Avenue
Ellicott City, MD 21043-4579
(410)-313-2111, TTY for Deaf: (410)-313-3840
Civil(410)313-3844 Criminal(410)313-3822

N O T I C E   O F   R E C O R D E D   J U D G M E N T
Case Number: 13-C-10-084542 DL
C I V I L
Sterrett Day vs Day

   I HEREBY CERTIFY that the following Judgment has been recorded in this
Court in the above entitled case:

Judgment Against:  Day, Robert Eugene Jr
                   6012 Cloudland Court
                   Columbia, MD   21044

Judgment in Favor of:  Sterrett Day, Kim Michelle
                       NKA Sterrett, Kim Michelle

Judgment Ordered On:   11/18/13
Judgment Entry Date:   11/18/13                 Other Fee: $.00
   Amount of Judgment: $100,000.00            Service Fee: $.00
PreJudgment Interest:  $.00                    Witness Fee: $.00
       Appearance Fee: $.00                   Attorney Fee: $.00
          Filing Fee:  $.00               Total Judgment: $100,000.00
                       With the lawfull rate of interest from the date of
                       this order.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.


                    _Wayne A Robey_
                    Wayne A. Robey
                    Acting Clerk of Circuit Court

Issued:  11/18/13

CIRCUIT COURT FOR HOWARD COUNTY
Wayne A. Robey
Acting Clerk of Circuit Court
8360 Court Avenue
Ellicott City, MD 21043-4579
(410)-313-2111, TTY for Deaf: (410)-313-3840
Civil(410)313-3844 Criminal(410)313-3822

N O T I C E   O F   R E C O R D E D   J U D G M E N T
Case Number: 13-C-10-084542 DL
C I V I L
Sterrett Day vs Day

I HEREBY CERTIFY that the following Judgment has been recorded in this
Court in the above entitled case:

Judgment Against:  Day, Robert Eugene Jr
                   6012 Cloudland Court
                   Columbia, MD    21044

Judgment in Favor of:  Sterrett Day, Kim Michelle
                       NKA Sterrett, Kim Michelle

Judgment Ordered On:   11/18/13
Judgment Entry Date:   11/18/13                Other Fee: $.00
Amount of Judgment:    $126,000.00           Service Fee: $.00
PreJudgment Interest:  $.00                  Witness Fee: $.00
Appearance Fee:        $.00                 Attorney Fee: $.00
Filing Fee:            $.00                Total Judgment: $126,000.00
                       With the lawful rate of interest from the date of
                       this order.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.


*Wayne A. Robey*
Wayne A. Robey
Acting Clerk of Circuit Court


Issued:  11/18/13

**Exhibit B:**

**Maryland Land Record Deed dated March 5, 2004**

MTS File No. 2004-79

LIBER 4 0 4 4 FOLIO 3 9 1

(a)

**This Deed**, made this 5th day of March 2004, by and between ROBERT E. BALLOU and RUSSELL W. HARRISON, whose address is 13624 Weinglain Ct., Centreville, VA 20120-6409, parties of the first part, Grantors; and ROBERT E. DAY JR. and KIM MICHELLE STERRETT-DAY, whose address is 8012 Cloudland Ct, Columbia, MD 21044, parties of the second part, Grantees.

## - Witnesseth -

**That for and in consideration** of the sum of Two Hundred Two Thousand And 00/100 Dollars ($202,000.00), which includes the amount of any outstanding Mortgage or Deed of Trust, if any, the receipt whereof is hereby acknowledged, the said Grantors do grant and convey to the said ROBERT E. DAY, JR. and KIM MICHELLE STERRETT-DAY, husband and wife, as tenants by the entirety unto the survivor of them, his or her heirs and assigns, in fee simple, all that lot of ground situate in the County of Worcester, State of Maryland and described as follows, that is to say:

ALL THAT PROPERTY lying and being situate in the Town of Ocean City, in the Tenth Election District of Worcester County, Maryland, designated and distinguished as Unit No. D, Building 4, Phase II, in the "Sand Dune Villas Condominium", together with an undivided interest in the common elements thereof, as established pursuant to a Condominium Declaration and ByLaws, as amended, dated July 14 1993, and recorded among the Land Records of Worcester County in Liber RHO No. 1952 Folio 147 et seq., and pursuant also to the several plats described in the said Condominium Declaration and recorded among the aforesaid Land Records in Plat Book RHO No. 136, Folio 25 et seq., and pursuant further to a First Amendment to Declaration dated September 1 1993, recorded as aforesaid in Liber RHO No. 1968, Folio 142 et seq., with plat amendment recorded as aforesaid in Plat Book RHO No. 136 Folio 71 et seq., and pursuant further to a Second Amendment to Declaration dated January 10 1994 and recorded as aforesaid in Liber RHO No. 2016 Folio 42 et seq., with plat amendment thereto recorded as aforesaid in Liber RHO No. 137 Folio 65 et seq., and pursuant further to a Third Amendment to Declaration dated March 30, 1994 and recorded as aforesaid in Liber No. 2042 Folio 086 et seq., with plat amendment thereto recorded as aforesaid in Liber 138 Folio 33 et seq., and pursuant further to a Fourth Amendment to Declaration dated May 28, 1994 and recorded as aforesaid in Liber 2061, Folio 598, et seq., with plat amendment thereto recorded as aforesaid in Liber 138, Folio 63 et seq., and pursuant further to a Fifth Amendment to Declaration dated August 9, 1994 and recorded as aforesaid in Liber No. 2085, Folio 042 et seq., with plat amendment thereto recorded as aforesaid in Liber 139, Folio 60 et seq.

**Being** ALL THE SAME PROPERTY, which, by Deed dated November 28, 2000, and recorded among the Land Records of the County of Worcester, State of Maryland, in Liber No. 2954, folio 159 et seq., was granted and conveyed unto the within Grantors.

**Together** with the buildings and improvements thereon erected, made or being; and all and every, the rights, alleys, ways, waters, privileges, appurtenances and advantages thereto belonging, or in anywise appertaining.

**To Have and To Hold** the said tract of ground and premises above described and mentioned, and hereby intended to be conveyed, together with the rights, privileges, appurtenances and advantages thereto belonging or appertaining unto and to the proper use and benefit of the said Grantees, as tenants by the entirety unto the survivor of them, his or her heirs and assigns in fee simple, SUBJECT, however, to the restrictions, covenants, conditions and charges set forth in the aforesaid Master Deed and/or Declaration.

CESTER COUNTY CIRCUIT COURT (Land Records) SVH 4044, p. 0391, MSA_CE31_4192. Date available 03/23/2004. Printed 04/24/2014.

LIBER4044 FOLIO392

**And** the said parties of the first part hereby covenant that they have not done or suffered to be done any act, matter or thing whatsoever, to encumber the property hereby conveyed; that they will warrant specially the property hereby granted; and that they will execute such further assurances of the same as may be requisite.

**As Witness** the hands and seals of said Grantors, the day and year first above written.

WITNESS:

*[signature]*                          *[signature]* Robert E. Ballou (Seal)
                                        **ROBERT E. BALLOU**

*[signature]*                          *[signature]* (Seal)
                                        **RUSSELL W. HARRISON**

State of Maryland    County of Worcester    ,, to wit:

I hereby certify that on this 5th day March of, 2004 , before me, the subscriber, a Notary Public of the State and County aforesaid, personally appeared __ROBERT E. BALLOU and RUSSELL W. HARRISON__, the Grantors herein, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged the same for the purposes therein contained, and further acknowledged the foregoing Deed to be their act, and in my presence signed and sealed the same, giving oath under penalties of perjury that the consideration recited herein is correct.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Carol L. Cappelli, Notary Public
Worcester County
State of Maryland
Commission Expires: May 1, 2005

*[signature]*
Notary Public
My commission expires:

THIS IS TO CERTIFY that the within Deed was prepared by or under the supervision of the undersigned, an Attorney duly admitted to practice before the Court of Appeals of Maryland.

Joseph C. Haskauskas

AFTER RECORDINGRETURN TO:
**Grantees**

TAXES FOR WHICH ASSESSMENTS
HAVE BEEN RECEIVED HAVE BEEN
PAID AS OF THIS DATE 3/9/04
WORCESTER COUNTY FINANCE OFFICER
BY
EXCEPT PERSONAL PROPERTY

TRANSFER TAX PAID
FINANCE OFFICER
WORCESTER COUNTY MARYLAND
By ____ Date 3/9/04
Tax 1010.00

CESTER COUNTY CIRCUIT COURT (Land Records) SM4 044 p 0392. MSA_CE31_4192. Date available 03/23/2004. Printed 04/24/2014.

ORCESTER COUNTY CIRCUIT COURT (Land Records) SVH 4044, p. 0393, MSA_CE31_4192. Date available 03/23/2004. Printed 04/24/2014.

LIBER 4 0 4 4 FOLIO 3 9 3

**2003**
MARYLAND
FORM
**MW506E**

**Certificate of**
**Full or Partial Exemption**

For Calendar Year 2003 or other tax year

Beginning _____ 2003 and Ending _____

DO NOT WRITE OR STAPLE IN THIS SPACE

NR040128

NOTE: Copy B of this form must accompany the deed or other instrument of transfer when the documents are presented to the Clerk of the Circuit Court for recordation. Failure to provide this Certificate may result in the deed or other instrument of transfer being rejected by the Clerk of the Circuit Court when presented for recordation. If this Certificate grants a partial exemption, payment in the Amount on line 3 and a Form MW506NRS must also be presented to the Clerk of the Circuit Court.

## Transferor/Seller's Information

| Name (if joint, enter first names and initials of both) | Last Name |
|---|---|
| Robert E. | Ballou |

Name (Corporation, Partnership, Trust, Estate, etc.)

T/A or C/O

Address (Number and street)
13624 Weinstein Court

City, State and Zip Code (province, postal code, and country)
Centreville, VA 20120

Transferor/Seller's Entity Type

[X] Individual
[ ] C Corporation
[ ] S Corporation
[ ] Partnership
[ ] Limited Liability Company
[ ] Limited Liability Partnership
[ ] Business Trust
[ ] Estate
[ ] Trust
[ ] Other: _____

Ownership Percentage
50 %

## Property Information

Description of Property (include address, or district, subdistrict and lot numbers if no address is available)

Unit D42
Sand Dune Villas
13801 Sand Dune Road
Ocean City, MD 21842

Date of Closing
03/06/04

Property Account ID Number
10-352924

## Comptroller's Certification

Pursuant to §10-912 of the Tax-General Article, Annotated Code of Maryland, I hereby certify that, with respect to the sale or transfer of the property described above, as such sale or transfer is described in the Form MW506AE filed by the Transferor/Seller, the sale or transfer of the property is:

[X] Fully exempt from the withholding requirements of §10-912 of the Tax-General Article, Annotated Code of Maryland.

[ ] NOT exempt from the withholding requirements and tax is required to be withheld on the total payment amount, or

[ ] Partially exempt from the withholding requirements.

The following amount of tax is required to be withheld:

| | | |
|---|---|---|
| 1. Enter the amount subject to tax | _____ | 1 |
| 2. Enter tax rate, whichever applies. | | |
|    a. If transferor/seller is a business entity, enter 7% _____ | } | 2 |
|    b If transferor/seller is an individual, enter 4.75% _____ | | |
| 3. Amount of tax to be withheld at closing. (Line 1 multiplied by line 2) | | 3 |

Signature _____

Title _____

Date 2/12/04

COM/RAD-316

Copy B - File with the Clerk of the Circuit Court
when the Deed or Other Instrument of Transfer is Presented for Recordation

WORCESTER COUNTY CIRCUIT COURT (Land Records) SVH 4044, p. 0394, MSA_CE31_4192. Date available 03/23/2004. Printed 04/24/2014.

LIBER 4 0 4 4 FOLIO 3 9 4

**2003**
MARYLAND
FORM
**MW506E**

**Certificate of
Full or Partial Exemption**

For Calendar Year 2003 or other tax year

Beginning _____, 2003 and Ending _____

DO NOT WRITE OR STAPLE IN THIS SPACE

NR040129

NOTE: Copy B of this form must accompany the deed or other instrument of transfer when the documents are presented to the Clerk of the Circuit Court for recordation. Failure to provide the Certificate may result in the deed or other instrument of transfer being rejected by the Clerk of the Circuit Court when presented for recordation. If the Certificate grants a partial exemption, payment in the amount on line 3 and a Form MW506NRS must also be presented to the Clerk of the Circuit Court.

**Transferor/Seller's Information**

Name (If joint, enter first names and initials of both)
Russell W.
Last Name
Harrison

Name (Corporation, Partnership, Trust, Estate, etc.)

T/A or C/O

Address (Number and street)
13624 Weinstein Court

City, State and Zip Code (province, postal code, and country)
Centreville, VA 20120

Transferor/Seller's Entity Type
[X] Individual
[ ] C Corporation
[ ] S Corporation
[ ] Partnership
[ ] Limited Liability Company
[ ] Limited Liability Partnership
[ ] Business Trust
[ ] Estate
[ ] Trust
[ ] Other:

Ownership Percentage
50 %

**Property Information**

Description of Property (include address, or district, subdistrict and lot numbers if no address is available)
Unit D42
Sand Dune Villas
13801 Sand Dune Road
Ocean City, MD 21842

Date of Closing
03/06/04

Property Account ID Number
10-352924

**Comptroller's Certification**

Pursuant to §10-912 of the Tax-General Article, Annotated Code of Maryland, I hereby certify that, with respect to the sale or transfer of the property described above, as such sale or transfer is described in the Form MW506AE filed by the Transferor/Seller, the sale or transfer of the property is:

[X] Fully exempt from the withholding requirements of §10-912 of the Tax-General Article, Annotated Code of Maryland.
[ ] NOT exempt from the withholding requirements and tax is required to be withheld on the total payment amount, or
[ ] Partially exempt from the withholding requirements.
  The following amount of tax is required to be withheld:
  1. Enter the amount subject to tax _____ | 1
  2. Enter tax rate, whichever applies.
     a. If transferor/seller is a business entity, enter 7%
     b. If transferor/seller is an individual, enter 4.75% } ____ | 2
  3. Amount of tax to be withheld at closing. (Line 1 multiplied by line 2) ____ | 3

Signature    Title: Revenue Specialist    Date: 2/12/04

COMPAD-319

Copy B - File with the Clerk of the Circuit Court
when the Deed or Other Instrument of Transfer is Presented for Recordation

LIBER4044 FOLIO395

**AFFIDAVIT AS TO TOTAL PAYMENT**
**PURSUANT TO SECTION 10-912(B)(2) OF THE TAX-GENERAL**
**ARTICLE OF THE ANNOTATED CODE OF MARYLAND**

File Number:   2004-79

Property:   Unit D Sand Dune Villas Condo, 13801-D Sand Dune Road, Ocean City, Maryland 21842

The undersigned make(s) oath, in due form of law and under the penalties of perjury, that the following is true to the best of my/our knowledge, information and belief, in accordance with Section 10-912(b)(2) of the Tax-General Article of the Annotated Code of Maryland (the "withholding law"):

1. I/we am/are the transferor(s) of that real property described in the accompanying deed (the "property").

2. I/we have examined the settlement statement prepared in connection with the transfer of the property, including both the gross amounts due to me/us and the listing of expenses and adjustments which result in a reduction in the net proceeds due to me/us.

3. With respect to the determination of "total payment," stated below, for the purpose of the withholding law:

   (a) The "total payment" includes the fair market value of any property transferred to me/us as part of the sale.

   (b) In calculating the deductions from gross proceeds, "debts incurred in contemplation of sale" (meaning debts secured by the property that were incurred within 90 days of the sale, such as loan funds received from a financing or a previous or new line of credit within the past 90 days prior to the sale of the property) were not deducted from gross proceeds.

   (c) In calculating the deductions from gross proceeds, only my/our expenses arising out of the sale or exchange of the property have been deducted.

4. The amount of "total payment" for the purpose of the withholding law is $ 0.00 .

(See Maryland Form MW506E - Certificate of Full Exemption)

Dated this 5th day of March, 2004.

_Robert E. Ballou_
ROBERT E. BALLOU

_Russell W. Harrison_
RUSSELL W. HARRISON

Carol L. Cappelli, Notary Public
Worcester County
State of Maryland
My Commission Expires: May 1, 2005

| | | |
|---|---|---|
| TRP FD SURE S | | 20.00 |
| RECORDING FEE | | 20.00 |
| RECORDATION T | | 1,333.20 |
| TR TAX STATE | | 1,818.00 |
| TOTAL | | 2,383.20 |
| RENT HOUSE | Rcpt # 14656 |
| SVH    3470 | Blk # 1158 |
| Mar 11, 2004 | 03:11 pm |

STATE OF Maryland , COUNTY OF Worcester

Sworn and subscribed to before the undersigned this 5th day of March, 2004.

SEAL:

_Carol L. Cappelli_
Notary Public
My commission expires _____

MAR 1 1 2004
_____The foregoing instrument
filed for record and is accordingly recorded
among the land records of Worcester County,
Maryland

_____ Clerk

WORCESTER COUNTY CIRCUIT COURT (Land Records) SVH 4044, p. 0395, MSA_CE31_4192. Date available 03/23/2004. Printed 04/24/2014.

LIBER 4 0 4 4 FOLIO 3 9 6

## State of Maryland Land Instrument Intake Sheet

[ ] Baltimore City   [ X ] County: Worcester

*Information provided is for the use of the Clerk's Office and State Department of Assessments and Taxation, and the County Finance Office only.*
*(Type or Print in Black Ink Only All Copies Must Be Legible)*

( [ ] Check Box If Addendum Intake Form is Attached.)

| 1 | Type(s) of Instruments | 1 Deed | Mortgage | Other | Other |
| | | 2 Deed of Trust | Lease | X Satisfaction/Role | |
| 2 | Conveyance Check Box | X Improved Sale | Unimproved Sale | Multiple | Not an Arms- |
| | | Arms-Length [1] | Arms-Length [2] | Arms Length [3] | Length Sale [9] |
| 3 | Tax Exemptions (if Applicable) Cite or Explain Authority | Recordation | | | |
| | | State Transfer | | | |
| | | County Transfer | | | |

| 4 | Consideration and Tax Calculations | Consideration | Amount | Finance Office Use Only |
|---|---|---|---|---|
| | | Purchase Price/Consideration | $ 202,000.00 | Transfer and Recordation Tax Consideration |
| | | Any New Mortgage | $ 161,600.00 | Transfer Tax Consideration $ |
| | | Balance of Existing Mortgage | $ | x ( )% = $ |
| | | Other: | $ | Less Exemption Amount - $ |
| | | | | Total Transfer Tax = $ |
| | | Other: | $ | Recordation Tax Consideration $ |
| | | | | x ( ) per $500 = $ |
| | | Full Cash Value | $ 202,000.00 | TOTAL DUE $ |

| 5 | Fees | Amount of Fees | Doc. 1 | Doc. 2 | Agent: |
|---|---|---|---|---|---|
| | | Recording Charge | $ 40.00 | $ 95.00 | |
| | | Surcharge | $ 0.00 included | $ 0.00 included | Tax Bill: |
| | | State Recordation Tax | $ 1,333.20 | $ 0.00 | |
| | | State Transfer Tax | $ 1,010.00 | $ 0.00 | C.B. Credit: |
| | | County Transfer Tax | $ 1,010.00 | $ 0.00 | |
| | | Other | $ | $ | Ag. Tax/Other: |
| | | Other | $ 30.00 | $ | |

| 6 | Description of Property SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i). | District | Property Tax ID No.(1) | Greater Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|---|---|
| | | 10 | 10-352924 | 2954/199 | | | [ ] (9) |
| | | Subdivision Name | | Lot (3a) | Block(3b) | Sect/AR(3c) | Plat Ref. | Sq/Ft/Acreage(4) |
| | | | | D | | | | |

Location/Address of Property Being Conveyed (2)
Unit D Sand Dune Villas Condo, 13801-D Sand Dune Road, Ocean City, Maryland 21842
Other Property Identifiers (if applicable)                Water Meter Account No.

Residential [ X ] or Non-Residential [ ]   Fee Simple [ X ] or Ground Rent [ ]   Amount: $N/A
Partial Conveyance? [ ] Yes [ X ] No   Description/Amt. of SqFt/Acreage Transferred:   N/A

If Partial Conveyance, List Improvements Conveyed:  N/A

| 7 | Transferred From | Doc. 1 – Grantor(s) Name(s) | Doc. 2 – Grantor(s) Name(s) |
|---|---|---|---|
| | | | ROBERT E. DAY JR. |
| | | ROBERT E. BALLOU | KIM MICHELLE STERRETT-DAY |
| | | RUSSELL W. HARRISON | |
| | | Doc. 1 – Owner(s) of Record, if Different from Grantor(s) | Doc. 2 – Owner(s) of Record, if Different from Grantor(s) |

| 8 | Transferred To | Doc. 1 – Grantee(s) Name(s) | Doc. 2 – Grantee(s) Name(s) |
|---|---|---|---|
| | | ROBERT E. DAY JR. | COLDWELL BANKER MORTGAGE |
| | | KIM MICHELLE STERRETT-DAY | |
| | | New Owner's (Grantee) Mailing Address | |
| | | 6012 Cloudland Ct, Columbia, MD 21044 | |

| 9 | Other Names to Be Indexed | Doc. 1 – Additional Names to be Indexed (Optional) | Doc. 2 – Additional Names to be Indexed (Optional) |
|---|---|---|---|

| 10 | Contact/Mail Information | Instrument Submitted By or Contact Person | | X Return to Contact Person |
|---|---|---|---|---|
| | | Name: Carol Cappelli | | |
| | | Firm: Maryland Title Service Corporation | | Hold for Pickup |
| | | Address: 11500 Coastal Highway Suite 7 52-1639549 Ocean City, MD    21842 | | Return Address Provided |
| | | Phone: Telephone 410-723-3000 Fax: 410-723-3001 | | |

**11**  IMPORTANT: *BOTH THE ORIGINAL DEED AND A PHOTOCOPY MUST ACCOMPANY EACH TRANSFER*

| Assessment Information | Yes [X] No | Will the property being conveyed be the grantee's principal residence? |
|---|---|---|
| | Yes [X] No | Does transfer include personal property? If yes, identify: |
| | Yes [X] No | Was property surveyed? If yes, attach copy of survey (if recorded, no copy required) |

Assessment Use Only - Do Not Write Below This Line

| [ ] Terminal Verification | [ ] Agricultural Verification | [ ] Whole | [ ] Part | [ ] Tran. Process Verification |
|---|---|---|---|---|
| Transfer Number: | Date Received: | Deed Reference: | Assigned Property No.: | |
| Year | | Geo. | Map | Sub | Block |
| Land | | Zoning | Grid | Plat | Lot |
| Buildings | | Use | Parcel | Section | Occ. Cd. |
| Total | | Town Cd. | Ex. St. | Ex. St. | |
| REMARKS: | | | | |

2004-79

**Exhibit  C: Joint Financial Statement of Marital Property dated March 15, 2013 (9-207)**

KIM MICHELLE STERRETT-DAY    ) IN THE

    Plaintiff    ) CIRCUIT COURT

v.    ) FOR

ROBERT EUGENE DAY, Jr    ) HOWARD COUNTY

    Defendant    ) Case Number: 13-C-10-084542 DL

## AMENDED JOINT STATEMENT CONCERNING MARITAL AND NON-MARITAL PROPERTY
### Pursuant to Maryland Rule 9-207

A.   The parties agree that the following property is "marital property" as defined by Code, Family Law Article, Section 8-201:

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE | |
|---|---|---|---|---|---|
| | | Husband | Wife | Husband | Wife |
| **REAL PROPERTY** | | | | | |
| 6012 Cloudland Court (Marital Home) | Joint | $409,988 | $412,500 | 1st & 2nd $212,725.93$ $4,946.60^1$ | Same |

1 Outstanding Real Estate Taxes.

1

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE | |
|---|---|---|---|---|---|
| | | Husband | Wife | Husband | Wife |
| 1301 Sand Dune Road, Ocean City, MD | Joint | $165,134 | $130,000[2] | $132,963 | $132,037.87 |
| **NON-RETIREMENT ACCOUNTS** | | | | | |
| USAA Account xxxx-850-9 | Wife | $.73 | Same | | |
| USAA Account xxxx-851-7 | Wife | $25.15 | Same | | |
| Tower Federal Credit Union Account xxxx-7773; #00; Prime share account | Wife | $5.63 | Same | | |
| Tower Federal Credit Union Account xxxx-7773; #01; Loan | Wife | N/A | N/A | Unknown | $8,321.74 |
| Tower Federal Credit Union Account xxxx-7773; #02 Regular Checking | Wife | $450.62 | Same | | |

2 In December 2011, this property suffered severe water damage due to a leak that went uncorrected for some time. The master bathroom sink and toilet were removed, the floors in both bedrooms were torn up, and the HVAC system had to be replaced. These repairs have been completed.

2

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE | |
|---|---|---|---|---|---|
| | | Husband | Wife | Husband | Wife |
| E-Trade Individual Account xxxx-6865 | Wife | $22.96 | Same | | |
| APL Federal Credit Union Account xxxx-1270 Savings; Account #1 | Joint | $51.75 | Same | | |
| APL Federal Credit Union Account xxxx-1270 Checking; Account #2 | Joint | $2.08 | Same | | |
| APL Federal Credit Union Account xxxx-4670 Savings; Account #1 | Joint | $97.90 | Same | | |
| APL Federal Credit Union Account xxxx-4670 Checking; Account #2 | Joint | $947.92 | Same | | |
| APL Federal Credit Union Account xxxx-9740; Savings; Account #1 | Husband | $71.74 | Same | | |
| APL Federal Credit Union Account xxxx-9740; Checking; Account #2 | Husband | $4,294.34 | Same | | |
| APL Federal Credit Union Account xxxx-3270; Savings; Account #1 | Husband (FBO Rachel Day) | $0 | Same | | |
| APL Federal Credit Union Account xxxx-3270; Checking; Account #2 | Husband (FBO Rachel Day) | $0 | Same | | |

3

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE | |
|---|---|---|---|---|---|
| | | Husband | Wife | Husband | Wife |
| E-Trade Stock Account xxxx-2840 | Husband | $0 | Same | | |
| E-Trade Complete Account xxxx-2840 | Husband | $1,481.76 | Same | | |
| M&T Bank Account xxxx-7304 | Husband | $132.64 | Same | | |
| Roth Investment Account xxxx-32-13 | Husband | $8,997.05 | Same[3] | | |
| Husband's Vacation time | Husband | 240 hours | Same | | |
| Frequent Flyer Miles[4] | Husband | Mileage Balance 220,545 miles | Same | | |
| Personal Property | Husband | $10,000 | Same | | |

3 Account contains 6,158 shares of Smith Micro Restricted Stock.
4 Instructions regarding transfer of frequent flyer miles attached.

4

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE | |
|---|---|---|---|---|---|
| | | Husband | Wife | Husband | Wife |
| Personal Property | Wife | $2,000.00 | Same | | |
| Jewelry | Wife | Unknown | $150.00 | | |
| Furniture in the Marital Home and Beach Home | Joint | $20,000 | $24,700.00 | | |
| **RETIREMENT ACCOUNTS** | | | | | |
| Vanguard Pension Plan B Account xxxx-0367 Pension Plan A Account xxxx-1190 | Wife | $179,230.81 | Same | | |
| New York Life Variable Annuity, x7-334 | Wife | $61,696.13 | Same | | |
| E-Trade Roth IRA Account xxxx-5447 | Husband | $3,762.73 | Same | | |
| E-Trade Rollover IRA Account xxxx-7399 | Husband | $25,839.90 | Same | | |

5

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE | |
|---|---|---|---|---|---|
| | | Husband | Wife | Husband | Wife |
| ING-401(K) – Bridgeport Networks, Inc. | Husband | $42,308.84 | Same | | |
| Smith Micro Software, Inc. 401(k) | Husband | $78,258.79 | Same | $18,511.74 | Same |
| IBM Plus Plan 401(k) | Husband | $56,878.83 | Same | | |
| IBM Plus Plan 401(k) Rollover | Husband | $8,450.94 | Same | $8,450.94 | Same |
| Open Wave 401(k) Plan[5] | Husband | $0 | $0 | | |
| **RESTRICTED STOCK AWARDS** | | | | | |
| 25,000 shares of Common Stock in Smith Micro Software, Inc. awarded on August 11, 2008. Distributed equally over subsequent 48 months. | Husband | See Above | See Above | | |

5 Defendant was ordered to liquidate this account and equally divide the balance between the parties pursuant the Court's Order dated April 18, 2012.

6

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE | |
|---|---|---|---|---|---|
| | | Husband | Wife | Husband | Wife |
| 10,000 shares of Common Stock in Smith Micro Software, Inc. awarded on February 28, 2011. 5,000 shares distributed equally over subsequent 48 months; 5,000 shares distributed based on company performance. | Husband | See Above | See Above | | |
| **AUTOMOBILES** | | | | | |
| 2010 Mazda CX-76 | Wife | $24,990 | $19,000 | | Same |
| 2009 Volvo | Husband | $12,000 | $28,676 | 16,551.98 | |
| 2009 Dodge Journey | Husband | $6,500 | $12,040 | None | None |

B. It is undisputed that the following property is not marital property because the property: (a) was acquired by one party before marriage; (b) was acquired by one party by inheritance or gift from a third person; (c) has been excluded by valid agreement; or (d) is directly traceable to any of these sources:

| DESCRIPTION OF PROPERTY | REASON WHY NON-MARITAL | FAIR MARKET VALUE | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE |
|---|---|---|---|
| | | | |

6 Wife traded in her previous vehicle for $1,000 towards the $19,000 purchase price of her current vehicle (subject to future verification by bill of sale).

7

| DESCRIPTION OF PROPERTY | REASON WHY NON-MARITAL | FAIR MARKET VALUE | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE |
|---|---|---|---|
| | | | |

C.    The parties are not in agreement as to whether the following property is marital or non-marital:

| DESCRIPTION OF PROPERTY | HOW TITLED | FAIR MARKET VALUE | LIENS, ENCUMBRANCES, OR DEBTS DIRECTLY ATTRIBUTABLE |
|---|---|---|---|
| E-Trade Roth IRA Account xxxx-9889 | W | $386.43 | Approximately $17,000 owed for taxes and penalties after withdraw[7] |
| Maryland Prepaid College Trust | W | ------ | None |
| New York Life Variable Annuity x8-711 | W | $9,043.55 | None |

Date  3/6/13

Marni B. Schwartz, Attorney at Law
Amos M. Whitney, Esquire
Attorneys for Plaintiff

Date  8/15/13

JoAnn Branche, Attorney at Law
Attorney for Defendant

8

7 Figure based on 33% tax rate and early withdraw penalty of 10%.