KIM MICHELLE STERRETT, pro se
5343 High Wheels Court, Columbia, MD 21044

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: ROBERT E. DAY, JR.<br>    Debtor. | )<br>)<br>) | CASE NO. 13-30487-NVA<br>CHAPTER 7 |
| KIM MICHELLE STERRETT<br>    Movant, | )<br>)<br>) | |
| v. | )<br>) | **FILED** |
| ROBERT E. DAY<br>AKA ROBERT EUGENE DAY, JR,<br>    Debtor/Respondent | )<br>)<br>) | DEC   1 2014 |
| And | )<br>) | U.S. Bankruptcy Court<br>District of Maryland |
| LORI D. SIMPSON<br>    Trustee/Respondent | )<br>)<br>) | |

### MOTION TO DISMISS BANKRUPTCY CASE No 13-30487

My name is Kim Michelle Sterrett ("**Movant**"). I am bringing this Motion to Dismiss Chapter 7 Bankruptcy Case No. 13-30487, pro se and without legal representation, as the largest judgment creditor in the chapter 7 bankruptcy filed by my ex-husband, Robert E. Day, Jr. ("**Debtor**"). I am asking this bankruptcy court (this "**Court**") to:

1

(1) Dismiss the chapter 7 bankruptcy filed by the debtor Robert Eugene Day, Jr. in accordance with 11 U.S.C § 707 (b) (3), and 11 U.S. Code § 1112(b)(4)(C), and 11 U.S. Code § 1112 (b)(4)(P).

(2) Reimburse me for all attorney fees I have incurred due to his filing, and

(3) Provide such other relief this court finds just and equitable.

In support of this motion, I state the following:

1. This court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, 11 U.S.C § 523, 11 U.S.C § 707, and 11 U.S. Code § 1112.

2. Lori D. Simpson is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

**Background**

3. I am the former spouse of the Debtor. The divorce was finalized in Howard County (the "Circuit Court") Case 13-C-10-84542 (the "Divorce Proceeding") on August 26, 2013. A copy of the divorce decree is attached as **Exhibit A**, ("The Divorce Decree").

4. On November 18, 2013, the Circuit Court issued its Supplemental Opinion and Divorce Judgment recorded on November 18, 2013. A copy of the Divorce Judgment is attached as **Exhibit B,** ("the Divorce Judgment").

5. The Divorce Proceeding is still an active case in the Circuit Court due to Debtor's contemptuous refusal to abide by the Divorce Judgment in paying child support, alimony, and transfer of real properties.

6. I am the debtor's largest creditor as I was awarded $126,000 and $100,000 in money judgments in the Divorce Judgment, and $20,000 on July 06, 2012 ("the Interim Judgment") attached as **Exhibit C** and $7, 023 recorded on November 5, 2012 ("the Tuition Judgment") attached as **Exhibit D.**

7. Debtor appealed the Interim Judgment in September Term 2011 Case Number 1300 and the Maryland Court of Special Appeals ("COSA") confirmed the Circuit Court's decision. A copy of the COSA opinion is attached as **Exhibit E.**

8. Debtor has to this date refused to pay the Interim Judgment.

9. Debtor has to this date refused to pay the administrative fees to COSA after losing appeal of the Interim Judgment.

10. The Divorce Judgment resolved contested financial, custody and support issues, and found that the Debtor was intentionally pursuing unnecessary and contentious litigation as a scheme to financially devastate me in order to gain advantage in divorce and goal of financially devastating me, his largest creditor. See The Exhibit B, page 2, *["The Defendant's primary concern is to maintain his financial status and superiority and penalize the Plaintiff [me]. The Plaintiff [me] testified that the Defendant [Debtor] stated to her that he was going to financially devastate her, and the Court finds this to be true. The Defendant's actions during the pendency of the 11 days of trial over 1 ½ years are demonstrative of the efforts he is willing to undertake to accomplish his goal."]*

11. Filing for Chapter 7 bankruptcy is another scheme in Debtor's attempt to financially devastate me and delay payment of judgments awarded to me.

### Failure of the Debtor to Pay Domestic Support Obligation

12. Debtor has not paid domestic support obligation from date of filing December 5, 2013 through present date as ordered in the Divorce Judgment.

13. In addition, Debtor did not pay any domestic support from date of filing December 5, 2013 until May 5, 2014. See Payment Summary showing an unpaid child support balance of $190,804.02 attached as **Exhibit F.**

14. Debtor did not report his new employment to the Circuit Court, as ordered in the Divorce Judgment *[further provided that Defendant shall notify the Court within ten (10) days of any change of address or employment so long as this support Order is in effect ]*, or the Maryland Department of Human Resources ("DHS") to initiate withholding domestic support payments for the new employment. When I became aware of this March 18, 2014 employment at NARUS, I reported it which is how DHS was able to withhold the earnings from debtor's paycheck.

15. This court can dismiss debtors bankruptcy under 11 U.S. Code § 1112 (b)(4)(P)[*failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.*]

16. On December 17, 2013 Howard County Department of Social Services filed a Petition to Cite for Civil Contempt because Debtor refused to pay child support.

17. On February 24, 2014 Debtors argued in the Circuit Court that the Bankruptcy automatic stay protected him enforcement of child support.

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

18. On March 13, 2014 Howard County Department of Social Services withdrew Petition for Contempt due to automatic bankruptcy stay. See Line to Withdraw Petition attached as **Exhibit G.**

### Debtor Failed to Maintain Insurance on Properties

19. On April 19, 2104 Debtor's homeowner's property insurance on real properties at 6012 Cloudland Ct Columbia, Maryland 21044 and 13801 Sand Dune Road Unit D. Ocean City, Maryland 21842 was cancelled due to nonpayment. See Notice of Cancellation For Nonpayment of Premium attached as **Exhibit H**.

20. This court can dismiss debtors bankruptcy under 11 U.S. Code § 1112. (b)(4)(C) *[failure to maintain appropriate insurance that poses a risk to the estate or to the public;]*

### Debtor files Chapter 7 in bad faith

21. I am debtors largest creditor and of the nineteen (19) proof of claims filed in this chapter 7 bankruptcy, nine (9) were filed by me, totaling five hundred nine thousand, four hundred fifty-eight dollars and fifty-two cents ($509,458.52), or sixty-four (64) percent of the total claims against this estate. See Summary of Claims attached as **Exhibit J** and Claims Percent Worksheet attached as **Exhibit K.**

22. Debtor has attempted to stipulate to the money judgments, approximately one-half (1/2) of the claims filed by me.

23. On December 5, 2013, Debtor [Defendant] filed a Motion to Reconsider or Alternatively Modify Judgment of Absolute Divorce as he did with every ruling that was not in his favor. See ("Defendant's Motion to Reconsider") attached as **Exhibit L**.

24. In Defendant's Motion to Reconsider (see page 10), Debtor requested that the Circuit Court "[Stay the enforcement of its November 18, 2013 monetary judgments (s) pending an appeal]".

25. The Defendant's Motion to Reconsider and request to stay the November 18, 2013 monetary judgments was denied by the Circuit Court.

26. Also, on December 5, 2013 Debtor filed for Chapter 7 bankruptcy upon recommendation of his divorce attorney, Joanne Woodson-Branche. See attached **Exhibit M** ("November 20, 2013 Email from Divorce Attorney") to Debtor and carbon copied to Sterling Winn of Sterling, Powell and Winn, L.L.C and forwarded email to Debtor's first Bankruptcy Attorney, Reginald Powell.

27. On or about April 23, 2014, I found the printout of the November 20, 2013 Email from Divorce Attorney on my kitchen table at the ("marital residence") of 6012 Cloudland Ct Columbia, MD 21044 when I went to the home to give access to Mr. Jeffrey Tessler, the real estate agent employed by the Trustee, Lori Simpson. On this date, debtor had been denied use and possession of the marital residence. In Parnes v. Parnes, 915 N.Y.S.2d 345, (App. Div. 2011), the court held that husband waived privilege with respect to a hard copy of an email with his attorney that he left on a desk in the marital home so this email between debtor and his counsel is not privileged.

28. Debtor retained Erik Baron and Peter Sheehan of Whiteford, Taylor & Preston, LLP and on December 17, 2013 filed for an appeal of the Divorce Judgment in the Maryland Court of Special Appeals. See Entry of Appearance attached as **Exhibit N.**

29. Debtor did not post a supersedeas bond for $126,000 and $100,000 in money judgments in the Divorce Judgment to stay the judgments while awaiting the appeal even though debtor had sufficient funds. Debtor/Defendant/Appellant reported Two Hundred seventeen thousand seven hundred fifty-two dollars and seventy-seven cents (217,752.77) in assets in his name) in his accounts on ("SterrettDay.Amended Joint Statement of Marital Property.03.15.13") attached as **Exhibit O.**

30. The following are the accounts and amounts that debtor listed in Joint Statement of Marital Property:

| Debtor's Accounts | Value |
|---|---|
| Etrade Complete Account xxx-2840 | $1,481.76 |
| M&T Bank Account xxxx-7304 | $224.87 |
| Roth Investment xxxx-32-13 | $8,997.05 |
| Etrade Roth IRA xxx-5445 | $3,762.73 |
| Etrade Rollover IRA xxxx-7399 | $25,839.90 |
| ING 401 Bridgeport | $42,308.84 |
| Smith Micro Software 401K | $78,258.79 |
| IBM Plus 401K | $56,878.83 |
| **Total Reported Account Value** | **$217,752.77** |

31. Debtor reported $217,752.77 in accounts on March 15, 2013 and these accounts were frozen pursuant to the February 1, 2012 order attached as **Exhibit P** due to debtor's withdrawals from marital accounts before the divorce was finalized.

32. Debtor also was in possession of an unknown amount of Smith Micro Restricted stocks. See page 17 of Exhibit L which list total values of Restricted Stocks distributed to Debtor as Sixty-two thousand seven hundred thirty-two dollars and twenty-nine cents ($62,732.29) for 2009, One hundred four thousand four hundred and sixty-six dollars and eighteen cents ($104,466.18) for 2010, Sixty-eight thousand five hundred sixty-three dollars and sixty-one cents ($68,563.61) for 2010, Eighteen thousand seventy-one dollars and ninety-one cents ($18,071.98) for 2012 and Two thousand one hundred seventy-four dollars and eighty-nine cents ($2,174.89) for 2013.

33. Debtor had sufficient means to post supersedeas bond as he was employed at Soul Tree Consultant, LLC as Chief Financial Officer and Vice President of Soul Tree Consulting, LLC on the date that he filed for the appeal of the Divorce Judgment. See Debtor's Soul Tree business card attached as **Exhibit Q,** August 19, 2013 sign in sheet for Maryland State Department of Education Proposal RFP #R00R4400892 attached as **Exhibit R ,** February 21, 2014 Award Letter for which Soul Tree Consulting, LLC was awarded a Six Hundred and sixty-three thousand ($663,000) dollar contract attached as **Exhibit S,** and April 2, 2014 Maryland State Department of Education Action Agenda listing Soul Tree Consulting, LLC as the contract recipient attached as **Exhibit T.**

34. Debtor was apparently relying on the automatic stay imposed by 11 U.S.C. § 362(a) to provide the functional equivalent of a stay pending appeal instead of posting a supersedeas bond.

35. The automatic bankruptcy stay gave my former husband/debtor/defendant/appellant an unfair advantage in COSA because I was not able to collect the judgments awarded to me in while his counsel Erek Baron and Peter Sheehan of Whiteford, Taylor & Preston, LLP prepared for the appellate case while I could not afford representation.

36. Filing for chapter 7 bankruptcy stayed the Divorce Judgments as many of debtors accounts were included the bankruptcy estate which prevented me from collecting on judgments award to me while awaiting the appeal was a bad faith filing and an abuse of this court.

37. This court can dismiss debtors bankruptcy for bad faith filing under 11 U.S.C § 707 (b) (3) *[In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—(A) whether the debtor filed the petition in bad faith;]*

### Only two percent of Debtor's debts are eligible for discharge

38. Of the nineteen claims filed by creditors, nine (9), Five hundred nine thousand four hundred fifty-eight dollars and fifty-two cents ($509,458.52), sixty four (64) percent were claimed by me.

39. Five (5) claims, Two hundred seventy-six thousand fifty-six dollars and sixty-one cents ($141,115,31), twenty-one (21) percent were filed by creditors with debts that are not dischargeable under 11 U.S.C § 523 (8)(B)- *[ any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of*

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

> 986, incurred by a debtor who is an individual;],(15), [to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;] and (16) [for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case;]

40. One claim for One hundred thirty-four nine hundred forty-one dollars and thirty cents ( $134,941.30 is for the mortgage on the martial home, that which all the proceeds have been ordered to me in the Divorce Judgment.

41. The remaining four (4) claims, thirteen thousand six hundred eighty-seven dollars and seventy cents ($13,687.70), just two (2) percent were filed Howard County General Hospital, American Express, Wells Fargo, and Howard County, MD.

42. My attorney fees associated with Debtor's bankruptcy are approximately Six thousand six hundred twenty-six dollars ($6,626) to Mehlman, Greenblatt & Hare, LLC. See June 18, 2014 invoice attached as **Exhibit U.**

43. My post-judgment attorney fees associated with Debtor's bankruptcy are approximately Sixteen thousand one hundred fifty-four dollars and eighty-seven cents ($16,154.87) to Weinberg and Schwartz, L.L.C. See October 1, 2014 invoice attached as **Exhibit V.**

WHEREFORE, the movant, KIM MICHELLE STERRETT respectfully requests that this Honorable Court:

A. Dismiss Debtor's Chapter 7 bankruptcy case no 13-30487.

B. Grant me attorney fees for all charges I incurred due to Debtor's bankruptcy filing.

C. Grant such other and further relief as may be just and necessary.

## AFFIDAVIT

I, Kim Michelle Sterrett, hereby affirm under the penalty of perjury that the foregoing is accurate and true to the best of my knowledge and belief.

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

Respectfully Submitted,

_____
Kim Michelle Sterrett
5343 High Wheels Ct
Columbia, MD 21044
(202) 618-2793

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

12

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of November, 2014, a copy of the foregoing was sent via email to:

- Craig Levers craigl@hbllaw.com
- Paul Jay Adams jay.adams@bww-law.com, bankruptcy@bww-law.com
- Hugh Bernstein Hugh.M.Bernstein@usdoj.gov
- Colin James Casler ccasler@ccclaw.net, cccoon@ccclaw.net; davidhcole@ccclaw.net; zcoon@ccclaw.net; mshach@ccclaw.net
- Renee O. Dyson rdyson@atlanticlawgrp.com, rbailey@atlanticlawgrp.com; Nangosia@atlanticlawgrp.com
- Lori S. Simpson 7trustee@lsimpsonlaw.com

_____
Kim Michelle Sterrett

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

14