KIM MICHELLE STERRETT, pro se
5343 High Wheels Court, Columbia, MD 21044

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: ROBERT E. DAY, JR. | ) | CASE NO. 13-30487-NVA |
|     Debtor. | ) | CHAPTER 7 |
| | ) | |
| KIM MICHELLE STERRETT | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. DAY | ) | |
| AKA ROBERT EUGENE DAY, JR, | ) | |
|     Debtor/Respondent | ) | |
| | ) | |
| And | ) | |
| | ) | |
| LORI D. SIMPSON | ) | |
|     Trustee/Respondent | ) | |

DEC 17 2014

U.S. Bankruptcy Court
District of Maryland

## MOVANTS RESPONSE TO TRUSTEE'S OPPOSITION TO THE MOTION TO DISMISS BANKRUPTCY CASE No 13-30487

My name is Kim Michelle Sterrett ("**Movant**"). I am responding to Trustee's Opposition

to my Motion to Dismiss Chapter 7 Bankruptcy Case No. 13-30487, pro se and without

legal representation, as the largest judgment creditor in the chapter 7 bankruptcy filed by

my ex-husband, Robert E. Day, Jr. ("**Debtor**") and I state this following:

1

1. That Lori D. Simpson ("Trustee") has been the Chapter 7 Trustee of the Debtor's bankruptcy estate for approximately one year and has been aware of the abuse noted in my motion, since the issue of debtor's employment at Soul Tree Consulting was raised at the Meeting of Creditors on January 13, 2014.

2. That Trustee was informed of the fraudulent bankruptcy filing approximately nine (9) months prior to my filing of the Motion to Dismiss.

3. Requesting a dismissal at this stage is not at cross purposes with my desires. In fact, a dismissal request should have been made when Debtors fraud brought to attention of the trustee shortly after he filed.

4. Trustee has not made any demonstrable efforts to investigate the fraud or to request a dismissal on her own findings after she was given multiple documents showing the descriptions and evidence of Debtor's Fraud, Bad Faith and Abuse. Trustee was aware of the following since February 19, 2014:

   1) Debtor's concealed employment at Soul Tree Consulting LLC ("Soul Tree") as Vice President and CTO.

   2) Debtor's concealed income and conspired with Marni Barron, President of Soul Tree to commit bankruptcy fraud as Soul Tree issued checks signed by Marni Barron on Debtor's behalf in an attempt to hide Debtors income from the Bankruptcy Schedules and Howard County Child Support Garnishment.

   3) Debtor concealed payments made on his behalf on Question 8 of Debtor's Statement of Current Monthly Income and Means Test as debtor omitted to report any "amounts

paid by another person or entity, on a regular basis" for Debtor's household and perjured himself at Meeting of Creditors regarding the payments made on his behalf as he responded that he made all the mortgage payments.

4)  Debtor failed to report $278,592.03 concealed property transfers made prior to bankruptcy filing as required on Statement of Financial Affairs Question 10.

5)  Debtor concealed valuable personal property in both of his homes on Schedule B.

6)  Debtor concealed Intellectual Property on Schedule B, Item 22 as he failed to list the book he authored, *Street Smarts for Global Business*.

7)  Debtor concealed other property and knowingly failed to report the value of 220,545 frequent flyer miles (one half ordered to be transferred to me) on Schedule B, Item 35.

8)  Debtor submitted false and contradictory property valuations on Schedule B.

9)  Debtor submitted unreliable and under-reported valuations of personal property on Schedule B.

10) Debtor concealed transfer of property, the substantial gift of an engagement ring to fiancée and employer Marni Barron in August 2013, and testified under oath that she bought the ring for herself at the Meeting of Creditors.

11) Debtor failed to report unsatisfied judgment entered on July 18, 2011 in favor of Jo Glasco, Esq.

12) Debtor submitted false and misleading expense information on Schedule J.

13) Debtor purposely misrepresented dependents on schedule J, number 2 when claiming adult son Ryan Day. I have claimed Ryan as a dependent on my taxes in 2011 and 2012 and Ryan claimed himself in 2013.

14) Debtor reported wrong address of co-debtor adult son, to prevent Ryan from receiving the notice for the Meeting of Creditors.

15) Debtor submitted inaccurate and contradictory wage information.

16) Debtor misrepresented the assets that he holds $210,000 in equity in the marital home as one hundred percent of the proceeds of the sale of the home were awarded to me.

17) Debtor intentionally failed to provide accurate contact information for me, his largest creditor and incorrectly listed my phone number on his Certification Regarding Domestic Support Obligations form.

5. That Trustee met with me on April 1, 2014 (and followed up via email) and we discussed Debtors nonpayment of child support, and cancellation of home owners insurance, Soul Tree making payments on debtor's behalf, incorrect filing of debtors schedules and unreported income from Smith Micro in 2013.

6. That $22,000 in estate assets collected by Trustee is just four (4) percent of Five hundred nine thousand four hundred fifty-eight dollars and fifty-two cents ($509,458.52) of the debt that the debtor owes me.

7. That, I would like to recover monies owed to me as a creditor, however to sell the home at 6012 Cloudland Court Columbia, MD 21044 (the "marital home") in chapter 7 bankruptcy to pay the debts owed to me, when all of the proceeds of the sale of the home

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

4

were awarded to me in Howard County Circuit Court case number 13C10084542 ("the divorce court") defies logic.

8.  That recovering any assets from the selling martial home at a lost in bankruptcy would cause me irreparable harm as debtor's largest creditor.

9.  That defendant did not disclose major damages to the home requiring expensive repairs when listing value of the home. Some of these major damages are: cracks in foundation, leak in roof, degenerating chimney structure, and missing aluminum siding exposing the elements to the structure of the home.

10. That Defendant intentionally damaged the interior of home prior to abandoning in June 2014. Some of these damages are: Collapse of ceiling in garage, ruined carpeting throughout the home, disconnected electricity to the home, causing mold from food decay in two refrigerators, leaking moldy shower, doors off hinges, broken light fixtures in kitchen and child's bedroom, child's bathroom, red paint drippings on laminate flooring.

11. That defendant continued to reside in and further damaged the marital home until he abandoned the property in July 2014 without making mortgage, HELOC, home owners insurance or tax payments.

12. That I am not confused as to what my best interest is regarding this bankruptcy, and I would like the sell the marital home on my own timeline, after I repair the damages that were sustained to the home while debtor was residing there. I was awarded one hundred percent of the proceeds of this home.

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

13.
~~12.~~ That it is not in my best interest to sell the marital home in debtor's bankruptcy and pay his debts to me with the equity from the home that was awarded one hundred percent to me.

Respectfully Submitted,

Kim Michelle Sterrett
5343 High Wheels Ct
Columbia, MD 21044
(202) 618-2793

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2014, a copy of the foregoing was sent via email to:

- Craig Levers craigl@hbllaw.com
- Paul Jay Adams jay.adams@bww-law.com, bankruptcy@bww-law.com
- Hugh Bernstein  Hugh.M.Bernstein@usdoj.gov
- Colin James Casler ccasler@ccclaw.net, cccoon@ccclaw.net; davidhcole@ccclaw.net; zcoon@ccclaw.net; mshach@ccclaw.net
- Renee O. Dyson rdyson@atlanticlawgrp.com, rbailey@atlanticlawgrp.com; Nangosia@atlanticlawgrp.com
- Lori S. Simpson 7trustee@lsimpsonlaw.com


Kim Michelle Sterrett

Motion to Dismiss Chapter 7 Bankruptcy
In Re: Robert E. Day, Jr., Case No. 13-30487